- 07 - 003

AO 241
(Rev. 12/04)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: | |
|---|---|---|
| Name (under which you were convicted): GRAYLIN HALL | | Docket or Case No.: |
| Place of Confinement : DELAWARE CORRECTIONAL CENTER | | Prisoner No.: 00159336 |
| Petitioner (include the name under which you were convicted) GRAYLIN HALL | v. | Respondent (authorized person having custody of petitioner) THOMAS CARROLL, WARDEN CARL DANBERG, ATT. GEN. |
| The Attorney General of the State of Delaware | | |

FILED

JAN - 3 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    SUPERIOR COURT OF DELAWARE, SUSSEX COUNTY

    GEORGETOWN, DE

    (b) Criminal docket or case number (if you know):  Cr.A.No. S00-01-0160 thru 0163

2.  (a) Date of the judgment of conviction (if you know):  July 28, 2000

    (b) Date of sentencing:  Oct. 27, 2000

3.  Length of sentence:  Life w/o Parole

4.  In this case, were you convicted on more than one count or of more than one crime?    ☒ Yes    ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Assault 2nd; Burglary 2nd; Poss. Burg. Tools

6.  (a) What was your plea? (Check one)

    ☒ (1)  Not guilty        ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty            ☐ (4)  Insanity plea

AO 241
(Rev. 12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?      N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☒ No

8.    Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:    DELAWARE SUPREME COURT

(b) Docket or case number (if you know):    No. 555, 2000

(c) Result:    Affirmed

(d) Date of result (if you know):    Dec. 26, 2001

(e) Citation to the case (if you know):    Hall v. State, 788 A.2d 118 (Del.2001)

(f) Grounds raised: Constitutional violation where State failed to adequately prove the exixtence of prior conviction with text of guilty plea.

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Name of court:    N/A

(2) Docket or case number (if you know):    N/A

(3) Result:    N/A

(4) Date of result (if you know):    N/A

AO 241
(Rev. 12/04)

(5) Citation to the case (if you know):  N/A

(6) Grounds raised:    N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:    N/A

(1) Docket or case number (if you know):   N/A

(2) Result:    N/A

(3) Date of result (if you know):   N/A

(4) Citation to the case (if you know):   N/A

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:   SUPERIOR Court of Del., Sussex

(2) Docket or case number (if you know):   S00-01-0160 R1

(3) Date of filing (if you know):   Nov. 19, 2004

(4) Nature of the proceeding:  Rule 61 Motion for Post-Conviction Relief

(5) Grounds raised:   Ineffective assistance of counsel.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?   ☐ Yes   ☒ No

(7) Result:   Denied

(8) Date of result (if you know):   May 3, 2005

AO 241
(Rev. 12/04)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Super. Ct. of Del., Sussex County

(2) Docket or case number (if you know): #0001001994

(3) Date of filing (if you know): Jan. 25, 2006

(4) Nature of the proceeding: Motion To Correct Illegal Sentence

(5) Grounds raised: The habitual offender statute violates Hall's Sixth Amendment rifgrs, and the evidence relied upon by the State was insufficient to establish guilt of Hall's conviction on burglary 2nd, in violation of the Sixth and Fourteenth Amendments of the U.S. Constitution.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: Denied

(8) Date of result (if you know): Feb. 3, 2006

(c) If you filed any third petition, application, or motion, give the same information:

N/A

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

AO 241
(Rev. 12/04)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes      ☐  No           N/A

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1)  First petition:      ☒  Yes      ☐  No

(2)  Second petition:     ☒  Yes      ☐  No

(3)  Third petition:      ☐  Yes      ☐  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:  VIOLATION OF RIGHT TO FAIR AND IMPARTIAL JURY AND DUE
PROCESS UNDER SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTI-
TUTION. SEE AMENDED PETITION HEREIN. UNCONSTITUTIONAL JURY INSTRUCTION.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE PETITIONER'S AMENDED PETITION IN SUPPORT OF HABEAS CORPUS
PETITION HEREIN.

(b) If you did not exhaust your state remedies on Ground One, explain why:

N/A

AO 241
(Rev. 12/04)

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion To Correct Illegal Sentence (Rule 35(a)).

Name and location of the court where the motion or petition was filed:
Del. Super. Ct., Sussex Co., Georgetown, DE

Docket or case number (if you know): 0001001994

Date of the court's decision: Feb. 3, 2006

Result (attach a copy of the court's opinion or order, if available):
See Attached

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☒ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Del. Supreme Ct. Dover, DE

Docket or case number (if you know): No. 113, 2006

Date of the court's decision: Oct. 27, 2006

Result (attach a copy of the court's opinion or order, if available):
See Attached.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

AO 241
(Rev. 12/04)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:
Rule 59(d) and (e) Motion in
Superior Court, Sussex Co., DE

**GROUND TWO:** Violation of Hall's Sixth and Fourteenth Amendment right
to be declared an habitual offender. See amended petition herein.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE AMENDED PETITION HEREIN.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

N/A

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

N/A

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Rule 35(a) Motion

Name and location of the court where the motion or petition was filed:
Superior Ct. Sussex Co. DE

Docket or case number (if you know):   0001001994

Date of the court's decision:
Feb. 3, 2006

Result (attach a copy of the court's opinion or order, if available):

SEE ATTACHED

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    Del. Supreme Ct. Dover, DE

Docket or case number (if you know):    No. 113, 2006

Date of the court's decision:    Oct. 27, 2006

Result (attach a copy of the court's opinion or order, if available):

Affirmed. See attached.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**    N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

AO 241
(Rev. 12/04)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)  **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏  Yes     ❏  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes     ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                                    ❏  Yes     ❏  No

(4) Did you appeal from the denial of your motion or petition?                               ❏  Yes     ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏  Yes     ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 12/04)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**
                    N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐  Yes      ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

                    ☐   Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 12/04)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 12/04)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ☒ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:

N/A

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so,

ground or grounds have not been presented, and state your reasons for not presenting them:

NO

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☐ Yes    ☒ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

N/A

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.    N/A

AO 241
(Rev. 12/04)

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

SAM BURKE

(b) At arraignment and plea:  SAM BURKE

(c) At trial:  NEIL DIGNON

(d) At sentencing:  NEIL DIGNON

(e) On appeal:  NEIL DIGNON

(f) In any post-conviction proceeding:  *NoNE*

(g) On appeal from any ruling against you in a post-conviction proceeding:  *NoNE*

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? .    ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:  N/A

(c) Give the length of the other sentence:  N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  N/A    ☐ Yes    ☐ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Pursuant to Super.Ct.Crim.Rule 35(a), a defendant may file a motion to correct an illegal sentence at any time. There is no statute of limitations under this rule.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
        custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration
        of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of
        the Constitution or laws of the United States is removed, if the applicant was prevented from
        filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme
        Court, if the right has been newly recognized by the Supreme Court and made retroactively
        applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been
        discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

Issue a writ of habeas
corpus in accord with the relief requested herein.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on  *12/26/2006*  (date).

*Graylin L. Hall*
_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

U.S. DISTRICT COURT OF DELAWARE
_____

[insert appropriate court]

* * * * *

I/M GRAYLIN HALL
SBI# 159336   UNIT G-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

$00.78

U.S. District Court
District of Delaware
844 King Street
Wilmington Del
19801

SUPERIOR COURT
OF THE
STATE OF DELAWARE

T. HENLEY GRAVES
*RESIDENT JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5257

February 3, 2006

Graylin L. Hall
SBI# 00159336
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re: Def. ID# 0001001994

Dear Mr. Hall:

The Court is in receipt of your Motion for Correction of an Illegal Sentence filed on January 25, 2006. Your motion attempts to use Superior Court Criminal Rule 35 to attack the constitutionality of the habitual offender statute and its application to you. Such an attack must be made by way of your direct appeal upon conviction or by way of Superior Court Criminal Rule 61. Your Motion for Correction of an Illegal Sentence is denied.

IT IS SO ORDERED.

Very truly yours,

T. Henley Graves

THG:tll

cc:    Prothonotary's Office
       Department of Justice

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| GRAYLIN L. HALL, | § |
| | § No. 113, 2006 |
| Defendant Below- | § |
| Appellant, | § |
| | § Court Below—Superior Court |
| v. | § of the State of Delaware |
| | § in and for Sussex County |
| STATE OF DELAWARE, | § Cr. ID No. 0001001994A |
| | § |
| Plaintiff Below- | § |
| Appellee. | § |

Submitted: September 29, 2006
Decided: October 27, 2006

Before **STEELE**, Chief Justice, **HOLLAND** and **BERGER**, Justices

## O R D E R

This 27th day of October 2006, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1)    The defendant-appellant, Graylin L. Hall, filed an appeal from the Superior Court's February 3, 2006 order denying his motion for correction of an illegal sentence pursuant to Superior Court Criminal Rule 35(a) and from the Superior Court's February 23, 2006 order denying his motion to alter or amend the judgment or, in the alternative, for reargument. We find no merit to the appeal.  Accordingly, we AFFIRM.

(2)    In 2000, Hall was found guilty by a Superior Court jury of Assault in the Second Degree, Burglary in the Second Degree and

Possession of Burglar's Tools. He was sentenced as a habitual offender[1] to life in prison on the burglary conviction and was sentenced on the remaining convictions to a total of 6 years of Level V incarceration. This Court affirmed Hall's convictions and sentences on direct appeal.[2]

(3)    In this appeal, Hall claims that: a) his burglary sentence is illegal because there was insufficient evidence to support his status as a habitual offender; b) his burglary sentence is unconstitutional because the Superior Court judge failed to properly instruct the jury on the element of physical injury; c) the Superior Court improperly ruled that his Rule 35(a) motion should have been brought as a postconviction motion pursuant to Rule 61; and d) the Superior Court abused its discretion by denying his motion to alter or amend the judgment or, in the alternative, motion for reargument as untimely.

(4)    Hall's first claim is that his sentence as a habitual offender is illegal because the State presented insufficient evidence of the requisite number of predicate offenses. This claim was subjected to extensive analysis in Hall's direct appeal. There, this Court held that, under *Morales v. State*,[3] "the State need offer only unambiguous documentary evidence of a

---

[1] Del. Code Ann. tit. 11, § 4214(b).
[2] *Hall v. State*, 788 A.2d 118 (Del. 2001).
[3] 696 A.2d 390 (Del. 1997).

prior predicate conviction, not live witnesses, and not a particular or exclusive type of documentary evidence. . . . Here, . . . it is clear . . . that Hall pleaded guilty to two specific counts of burglary in the second degree, which are indeed enumerated offenses under Section 4214(b). . . . [T]here was substantial evidence to support the Superior Court's conclusion that the State had met its burden of proof in establishing beyond a reasonable doubt the predicate offenses required under [the habitual offender statute]."[4]  This holding of the Court constitutes the law of the case unless Hall can demonstrate clear error or an important change in circumstances.[5]  In the absence of any such evidence, we conclude that Hall's first claim is without merit.

(5)    Hall's second claim is that his sentence is unconstitutional because the Superior Court judge failed to instruct the jury on the element of physical injury.  This claim is incorrect as a matter of law.  Second degree burglary is a predicate offense for purposes of the habitual offender statute regardless of whether it involves physical injury.[6]  Moreover, evidence of prior convictions for purposes of habitual offender status is not submitted to

---

[4] *Hall v. State*, 788 A.2d at 125-29.
[5] *Bailey v. State*, 521 A.2d 1069, 1093 (Del. 1987).
[6] *Williams v. State*, 539 A.2d 164, 174-75 (Del. 1988).

the jury, but, rather, to the judge.[7]  We, therefore, conclude that Hall's second claim is without merit.

(6)    Hall's third claim is that the Superior Court improperly ruled that his Rule 35(a) motion should have been brought as a postconviction motion pursuant to Rule 61.  Even assuming error on the part of the Superior Court, there was no prejudice to Hall.  Because Hall has failed to demonstrate that his sentence exceeds the statutorily-authorized limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize, he is not entitled to relief under Rule 35(a).[8]  We, therefore, conclude that Hall's third claim is without merit.[9]

(7)    Hall's fourth, and final, claim is that the Superior Court abused its discretion by denying as untimely both his motion to alter or amend the judgment and his motion for reargument.  If viewed as a motion for

---

[7] *Morales v. State*, 696 A.2d 390 (Del. 1997).

[8] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[9] *Unitrin, Inc. v. American General Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (This Court may affirm a judgment of the Superior Court on grounds different from those relied upon by the Superior Court).

reargument, Hall's motion was untimely.[10]  If viewed as a motion to alter or amend the judgment, Hall's motion was timely.[11]  However, because there is no merit to Hall's claim that his habitual offender sentence was illegal and unconstitutional, there were no valid grounds for that motion and the Superior Court properly denied it.  We, therefore, conclude that Hall's fourth claim is also without merit.[12]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

Justice

---

[10] Super. Ct. Civ. R. 59(e) and 6(a).
[11] Super. Ct. Civ. R. 59(d) and 6(a).
[12] *Unitrin, Inc. v. American General Corp.*, 651 A.2d at 1390.

C-117

1    recklessly.  "Intentionally" means it was the

2    defendant's conscious object or purpose to cause

3    physical injury.  A person acts recklessly with respect

4    to creating a risk of substantial injury to another

5    person when he is aware of and consciously disregards a

6    substantial and unjustifiable risk that physical injury

7    will result from his conduct.

8            If, after considering all the evidence, you

9    find that the State has established beyond a reasonable

10   doubt that the defendant acted in such a manner so as

11   to satisfy all the elements which I just stated, at or

12   about the date and place stated in the Indictment, you

13   must find the defendant guilty of assault in the second

14   degree.  If you do not so find, you must find the

15   defendant not guilty of assault in the second degree.

16           The third count is burglary in the second

17   degree:

18           "Graylin L. Hall, on or about the 29th

19           day of December, 1999, in this county and

20           state, did knowingly enter or remain unlawfully

21           in a dwelling located at 723-C Salt Pond Road,

22           Villas of Bethany West, Bethany Beach, Delaware,

23           belonging to Alicia McDermott, with the intent

EILEEN G. KIMMEL
OFFICIAL COURT REPORTER

1      to commit the crime of theft therein."

2           In order to find the defendant guilty of

3      burglary in the second degree, you must find that the

4      following elements have been established beyond a

5      reasonable doubt:

6           (1)  The defendant entered unlawfully the

7      dwelling located at 723-C Salt Pond Road.  A person

8      enters unlawfully in a place when he has no license or

9      privilege to be there.  That is, he does not have the

10     owner's permission or consent of the owner to be there;

11     and,

12          (2)  The place where the defendant entered or

13     remained unlawfully was a dwelling.  The word

14     "dwelling" under our Criminal Code means a building

15     which is normally occupied by a person lodging therein

16     at night; and,

17          (3)  The defendant acted knowingly.  That is,

18     he knew or was aware the property involved was a

19     dwelling and he was entering or remaining unlawfully;

20     and,

21          (4)  The defendant intended to commit a crime

22     in the dwelling.  That is, it must have been the

23     defendant's conscious object or purpose to commit some

EILEEN G. KIMMEL
OFFICIAL COURT REPORTER

C-119

1    act which is defined in our Criminal Code as a crime.

2    In this case, the State contends the defendant intended

3    to commit the crime of theft, and you must find that

4    the defendant intended to commit that offense in order

5    to convict him of burglary in the second degree.

6            If, after considering all the evidence, you

7    find that the State has established beyond a reasonable

8    doubt that the defendant acted in such a manner so as

9    to satisfy all the elements that I just stated, at or

10   about the date and place stated in the Indictment, you

11   must find the defendant guilty of burglary in the

12   second degree.  If you do not so find or if you have a

13   reasonable doubt of any of the elements, you must find

14   the defendant not guilty of burglary in the second

15   degree.

16           Count 4 is possession of burglar tools:

17           "Graylin L. Hall, on or about the 29th

18           day of December, 1999, in the County of Sussex,

19           State of Delaware, did possess a master key,

20           a tool or instrument commonly used to commit

21           or facilitate offenses involving unlawful

22           entry into or upon premises, under circum-

23           stances evincing, or showing, an intent to

ALICIA MCDERMOTT – Direct            A-83

1    any persons or anything to see if you recognized

2    anyone?

3        A    Yes.

4        Q    When did that happen?

5        A    The police came to the house and on a cell

6    phone or something, they said that they had someone

7    in custody on the grounds.

8        Q    How much time had passed since this

9    happened?

10       A    I don't remember.  Half hour, maybe more.

11   I don't remember.

12       Q    And what happened then?

13       A    They took me into the patrol car and drove

14   me by on a street next to me and asked me if the man

15   that they had in custody was the man.  And I said

16   no, because he did not have the color jacket that I

17   saw.

18       Q    Did you recognize this person that they

19   showed you?

20       A    I knew him as the maintenance man.

21       Q    But you said that that was not the person

22   that had been in your residence?

23       A    Yes.