UNITED STATES DISTRICT COURT
FOR THE STATE OF DELAWARE

Petition For Writ Of Habeas Corpus
Persons In State Custody
Under Title 28 USC Section 2254

| | | |
|---|---|---|
| GRAYLIN L. HALL, | ) | |
| Petitioner, | ) | |
| | ) | Case No. \_07-\_003\_ |
| v. | ) | |
| | ) | |
| THOMAS CARROLL, Warden, | ) | |
| Delaware Correctional Center, | ) | |
| And, CARL DANBERG, | ) | |
| Attorney General | ) | |
| Of the State of Delaware, | ) | |
| Respondents. | ) | |

FILED
JAN -3 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

MEMORANDUM AND FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. 2254. EVIDENTIARY HEARING REQUESTED

COMES NOW the Petitioner Graylin L. Hall, in pro se, pursuant to Title 28 USC Section 2254 and Rule 15 (a), Fed. R. Civ. P. in support of his petition for Writ of Habeas Corpus for Violation of his rights under the UNITED STATES CONSTITUTION, as follows:

7. He was sentenced as a Habitual Offender to life in prison on the Burglary conviction and was sentenced on the remaining convictions to a total of 6 years of Level V incarceration. Del Code Ann. Tit. 11, Sec. 4214(b).
8. The Supreme Court of the State of Delaware affirmed Petitioner's convictions and sentences on direct appeal. Hall v. State, 788 A.2d 118 (Del. 2001).
9. On February 10, 2006, Petitioner filed a Motion to Alter or Amend the Superior Court's February 3, 2006 Order denying his Motion for Correction of an Illegal Sentence pursuant to Superior Court Criminal Rule 35(a), dated January 25, 2006. On February 26, 2006, Petitioner filed a Notice of Appeal from the Superior Court's February 3, 2006 Order which summarily dismissed his Rule 35 (a) Motion for Correction of an Illegal Sentence. On March 20, 3006, Petitioner filed a Notice of Appeal from the Superior Court's February 23, 2006 Order denying his Motion to Alter or Amend Judgment or in the alternative Motion for re-argument.
10. Thereafter, on September 29, 2006, the Supreme Court of the State of Delaware consolidated Petitioner's appeals above-referenced into one proceeding instead of two. Hall v. State of Delaware, Appeal No. 113, 2006.
11. Petitioner requested an evidentiary hearing at every level of the State Court proceeding's and each of the Courts to which he applied ruled without granting him an evidentiary hearing.
12. Thereafter, on November 15, 2006, the Delaware Supreme Court issued it's "Mandate" in Delaware Supreme Court Cause No. 113, 2006.

## V. EXHAUSTION

Consistent with 28 U.S.C. Section 2254(b), all grounds for relief raised in this first amended Petition for a Writ of Habeas Corpus have previously been raised before the Delaware State Courts.

## VI. GROUNDS FOR RELIEF

13. defendant (hereafter, Petitioner) contends that his convictions and sentences are contrary to the Constitution of The United States for the following reasons:

3

## I. PARTIES

1. Graylin L. Hall, Petitioner herein, is confined at the Delaware Correctional Center, near Smyrna, Delaware. On October 27, 2006, the Supreme Court of the State of Delaware entered an Order which affirmed the Judgment of the Superior Court dated February 3, 2006 which summarily denied Petitioners motion for Correction of an Illegal Sentence pursuant to Superior Court Criminal Rule 35 (a) and from the Superior Court's February 23, 2006 Order denying his motion to alter or amend the judgment or, in the alternative, for reargument.

2. Thomas Carroll, Respondent herein, is the Warden of the Delaware Correctional Center near Smyrna, Delaware.

3. Carl Danberg, Respondent herein, is the Attorney General of the State of Delaware.

## II. JURISDICTION

4. The United States District Court has jurisdiction of this petition for a Writ of Habeas Corpus pursuant to 28 USC Section 2254 and 1331. Petitioner is in custody pursuant to judgment of a Delaware State Court, and seeks relief on the ground that his imprisonment and sentence are in violation of his rights under the United States Constitution.

## III. VENUE

5. Venue is proper in the United States District Court For The District of Delaware because Petitioner's conviction was obtained in the Sussex County Superior Court in Georgetown, Delaware. See 28 U.S.C. Sec. 2241(d).

## IV. PROCEDURAL HISTORY

6. In 2000, Petitioner was found guilty by a Superior Court jury of Assault in the Second Degree, Burglary in the Second Degree and Possession of Burglar's Tools. He was acquitted of Robbery in the First Degree, and Possession of Drug Paraphernalia.

CLAIM 1. THE TRIAL COURT REFUSED TO INSTRUCT THE JURY ON ALL THE ESSENTIAL ELEMENTS OF THE CRIME OF BURGLARY IN THE SECOND DEGREE THEREBY RELIEVING THE STATE OF ITS BURDEN OF PROOF IN VIOLATION OF PETITIONERS SIXTH AMENDMENT RIGHT TO A JURY DETERMINATION THAT HE IS GUILTY OF EVERY ELEMENT OF THE CRIME WITH WHICH HE IS CHARGED BEYOND A REASONABLE DOUBT AND THEREBY VIOLATING HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS OF LAW UNDER THE UNITED STATES CONSTITUTION.

14. Following Petitioner's conviction on July 28, 2000 for Burglary in the Second Degree which carries a maximum sentence of eight years. The Court on October 27, 2000, scheduled a Sentencing Hearing and the State filed a Motion pursuant to 11 Delaware Code, Section 4214(b) to declare Petitioner an habitual offender and enhanced his sentence to a mandatory life sentence in excess of the statutory maximum for Second Degree Burglary. On post-conviction appeal the State filed a Motion to Affirm, and alleged that Petitioner received an enhanced life sentence for his Second Degree Burglary conviction pursuant to 11 Delaware Code, Section 4214(b) after the State demonstrated that Hall had two previous conviction for Second Degree Burglary, and that Second Degree Burglary designated a violent felony under 11 Delaware Code, Section 4214(c), is one of the specifically enumerated felonies listed in the habitual offender statute. Id. 11 Delaware Code, Section 4214(b).

15. First, the Delaware Supreme Court's conclusion that "Hall's" claims are without merit and that he suffered no prejudice necessarily requires a careful review of the entire record to determine the question of possible prejudice. The Court in two brief paragraphs summarized its review of the record and proclaims that "the evidence of prior convictions for purposes of habitual offender status is viewed independent of the jury, but, rather to the judge." If the evidence against Hall was so overwhelming, it is difficult to perceive why the jury would have returned an

acquittal on count 1, Robbery in the First Degree. The Jury's verdict or decision can just as naturally be interpreted to suggest that the evidence was insufficient and the guilty verdict on Burglary in the Second Degree a compromise because the jury instruction given on the Robbery, First Degree Count did not omit the essential element of "causes physical injury to any person who is not a participant in the crime." Id. at 11 Del. C. Sec. 832(a)(1). Similarity of Section 832 (a)(1) and the Burglary, Second Degree statute, 11 Del. C. Sec. 825 (2)(b) is that each statute includes the essential element of "causes physical injury to any person who is not a participant in the crime."

16. The issue is not that "there was substantial evidence to support the Superior Court's conclusion that the State had met its burden of proof in establishing beyond a reasonable doubt the predicate offences required under the habitual offender statute," but whether the Court's response to "Hall's" claims were taken out of context, which additionally prejudiced the Petitioner. In order to make an appropriate assessment, this reviewing Habeas Court should properly evaluate "Hall's" case by viewing his claimed error(s) against the entire record, de novo, as to whether the instructions amounted to plain error in that they permitted the jury to return a guilty verdict without requiring findings on all the element necessary for criminal liability under 11 Del. C. Section 825 et. seq. and 11 Del. C. Sec. 301.

17. Petitioner asserts, the clear language of 11 Del. Code, Sec. 825 and the commentary to the Criminal Code make it clear that there are two essential elements to the crime of Burglary in the second degree. They are that the defendant:

Knowingly enters or remains unlawfully;

    (1) In a dwelling with the intent to commit a crime therein; or

    (2) In a building and when in effecting entry or while in the building or immediate flight there-from, the person or another participant in the crime:

        a. Is armed with explosives or a deadly weapon; or

        b. Causes physical injury to any person who is not a participant in the crime.

18. In the instant case, the trial judge failed to instruct the jury on "theft" 11 Del. C. Sec. 825 (1), or concerning a finding of the amount involved; 11 Del. C. Sec. 841, "Theft Misdemeanor"; or on "physical injury", 11 Del. C. Sec. 825 (2)(b) above-referenced, thus, relieving the state of its burden of proof on all the essential elements of the crime charged. See Superior Court's Jury Instruction, Trial Transcript's pages C-117, C-118, and C-119. Also see, 11 Del. C. Sec. 301.

19. The above instructions allowed the jury to impose liability if the accused knowingly entered or remained unlawfully (1) in a dwelling with intent to commit a crime, in this case, "Theft", Sec. 825(1), and (2)(b) "causes physical injury to any person who is not a participant in the crime." Under either of the above criteria, liability would be found without the state having to establish an essential element of the crime. The indictment stated that "Hall" did knowingly enter or remain unlawfully in a dwelling, with intent to commit the crime of Theft therein, as to Burglary, Second Degree, Title 11, Sec. 825(1) of the Delaware Code. The first alternative lacks the requirement concerning a finding of the amount involved under 11 Del. C. Sec. 841 as to whether it was Theft-Felony or a Theft-Misdemeanor. In order for it to be a Theft-Felony, the value of the property would have to be greater then $1,000. On the contrary, the value of the property would have to be under $1,000 in order for it to be a Theft-Misdemeanor. No instruction was given in regard to any of the elements of Theft as required under 11 Del. C. Sec. 841. In the instant case, the Trial Court failed to instruct the jury that the value of the property was under $1,000. Specifically, it was $40. The second alternative allows "Hall's" conviction without the State having to show the "causes physical injury" element under 11 Del. C. Sec. 825 (2)(b).

20. The burden is on the State to prove its case. State v. Morris, 28 Del. 226, 91 A 998 (1914). And it is incumbent upon the state to prove every material element of the crime beyond a reasonable doubt. State v. Fleetwood, 22 Del. 153, 65 A 772 (1906). The burden of proving every material element of the crime charged in the indictment rests upon the State. State v. Samuels, 22 Del. 36, 67 A. 164 (1904). The burden is upon the State – the prosecution – to prove to the jury by competent and satisfactory evidence every essential ingredient of the offence charged in the

6

indictment. State v. Wolf, 22 Del. 323, 66 A. 739 (1907). In order to convict the prisoner it is incumbent upon the state to prove beyond a reasonable doubt every material ingredient of the crime charged. State v. Naylor, 28 Del. 99, 90 A. 880 (1913). An accused is presumed to be innocent until guilt is established to the satisfaction of the jury, beyond a reasonable doubt, and the burden of proving the commission of the offence rests upon the State. State v. Matushefke, 59 Del. 163, 215 A. 2d 443 (1965).

21. The Fourteenth Amendment imposes on the States the requirement of proof beyond a reasonable doubt of every fact essential to the criminal offence charged. United States ex rel. Crosby v. Delaware, 346 F. Supp. 213 (D. Del. 1972). The Sixth Amendment of the United States Constitution guarantees the right that in all criminal prosecutions, the accused shall enjoy....the right to be informed of the nature and cause of the accusation. The Delaware Constitution Art. 1, Sec. 7 guarantees the right that in all criminal prosecutions, the accused hath a right to be...plainly and fully informed of the nature and cause of the accusation against him.

22. In Minnick v. State, Del. Supr., 168 A 2d 93, 96 (1960); and Lewis v. State, Del. Supr., 251 A. 2d 197, 198 (1968), the Supreme Court of Delaware held that "In an indictment for burglary, the prosecution must specify the particular felony the defendant intended to commit following his breaking and entering and must prove that the <u>felonious intent</u> existed at the time of the breaking and entering." Stating that the element of intent is the essence of a burglary charge and that the prosecution must prove this intent.)" 13 Am Jur. 2d 24 (1964). Intent required.

23. Under Superior Court Criminal Rule 7 (c) an indictment must be plain, concise and definite written statement of the essential facts constituting the offense charged. This general rule has been the law in Delaware for at least 160 years. In State v. Eaton, Oyer & Term, Kent, 1840, 3 Har. Del. 554, the Court stated:

> "Burglary is a very technical crime, the breaking and entry are entirely technical, and different from the usual understanding of breaking and entry; but the law makes another ingredient necessary, the intent to commit murder, rape, robbery, or some other felony. The intent then is of

7

    the essence of the offense, and the prosecution must prove the intent. See Saxton's case, 1836, 2 Har. Del., 533 and proof that it was for the purpose of committing some specific felony. Ninnick, Supra., 168 A. 2d. 93, 96 (1960)."

24. The rule is well established, however, that even though in burglary and theft the intent, as defined by the law, is simply to appropriate property consisting of some articles stolen belonging to Alicia McDermott and valued at less than $1,000 or greater. In the instant case, the amount allegedly stolen was $40. Petitioner asserts that the terms of Count 3, Burglary in the second degree are so vague and indefinite as to render uncertainty as to its meaning causing actual prejudice to petitioner. Count 3 must be condemned as repugnant to the Fourteenth Amendment of the United States Constitution as the controversy centers upon the use of the term "Theft", because petitioner was denied notice as to what property of Alicia McDermott he allegedly appropriated and what said property consisted of and its value as stated in Count 3 of the indictment. Moreover, the petitioner was never indicted for theft to define the property and the value. Both the federal and Delaware Constitution, Art. 1, Sec. 7, and the Sixth Amendment of the United States Constitution requires that the accused be informed of the nature and cause of the accusation against him to enable the defendant to prepare a defense. Viewed in this light itself, Count 3 of the indictment, (notwithstanding the unconstitutional jury instruction) contains an insufficient allegation to properly charge the defendant with a violation of 11 Del. C. Sec. 825 et. seq.

25. Pursuant to 11 Del. C. Sec. 855, (a) Every prosecution for theft shall be based upon Section 841, 11 Del. C., and (b) the defendant may be found guilty of theft if the defendant's conduct falls within any of the sections defining theft. Proof of any conduct constituting theft is sufficient to support an indictment an information charging theft, provided that the conduct proved is sufficiently related to the conduct charged that the accused is not unfairly surpassed by the case the accused must meet; and (c) when theft or any related offense is committed in violation of this title pursuant to 1 scheme or continuous course of conduct, whether from the same or several sources, the conduct may be considered as 1

offense and the value of the property or services aggregated in determining whether the theft is a <u>felony</u> or <u>misdemeanor.</u>

26. In the case subjudice, the jury was never instructed concerning physical injury, or theft based upon 11 Del. C. Sec. 841 or any of the sections defining theft under the statute, nor concerning a finding of the amount involved, thus, the State Supreme Court erred in refusing to reverse and vacate the defendant's conviction and sentence on the grounds of the lack of such an instruction in violation of a fair trial and due process of law under the Sixth and Fourteenth amendments of the United States Constitution and Art. 1, Sec. 7 of the Delaware Constitution. The amount involved is necessary an essential element of the offense since it determines whether the offense is misdemeanor theft, or felony theft. This is of particular relevance since the burglary offense under 11 Del. C. Sec. 825 (1) was being sought as a crime as serious as a predicate offense for purpose of declaring the defendant an habitual offender under 11 Del.C. Sec. 4214 (b) which carries a mandatory life sentence.

27. Somehow, the state contends that the defendant's claim that his conviction is unconstitutional because of the lack of a jury instruction (above –referenced) was not raised in the Superior Court by his Rule 35(a) Motion and, therefore, is waived in the absence of plain error. The defendant, however, sought review in the Superior Court, State Supreme Court and seeks review in this United States District Court under 28 U.S.C. Section 2254. The Defendant below claimed that the lack of a jury instruction as stated above deprived him of his right to a jury trial on all the essential elements of the crime charged under the indictment and the Sixth and Fourteenth amendments of the United States Constitution. And Art. 1, Sec. 7 of the Delaware Constitution.

28. The right to a trial by jury is a "fundamental" right protected from State action by the due process clause of the Fourteenth Amendment. Duncan v. Louisiana, 391 U.S. 145, 148-49, 88 S. Ct. 1444, 20 L. Ed. 2d. 491, rel. denied, 392 U.S. 947, 88 S. Ct. 2270, 20 L. Ed. 2d 1412 (1968). The Delaware Supreme Court initially reviewed arguments in this case on post-conviction appeal in April 2006. Thereafter, sua sponte, the Court denied the State's Motion to Affirm the Superior

Court's February 3, 2006 Order denying the defendant's Superior Court Criminal Rule 35(a) Motion. The Supreme Court then requested further briefing and argument from both parties for appellate review of Constitutional claims not distinctly raised at trial.

29. The maximum penalty for Burglary in the Second Degree Under 11 Del. C. Sec. 825(1) is eight(8) years. Burglary, second degree is a class D Felony, except where the person who suffers "physical injury" is a person 62 years of age or older in which case any violation of Section 825 shall be a Class C felony. In Petitioner's case, the State Court record shows that the alleged taking of property consisted of no more than $40. The value of the property was less than $1000. Id. at 11 Del. C. Sec. 841; State's Answering Brief on post-conviction appeal, page 4. The penalty in the Statute, 11 Del. C. Sec. 825(1) standing alone bare no relation to the amount obtained, $40, to be considered a Felony Theft, much less for the purpose of the State using the "independent" Burglary, Second degree conviction as a "predicate" Offense" to declare the defendant an habitual offender under the habitual offender statute, 11 Del. C. Sec. 4214 (b). Theft is a Class A Misdemeanor unless the value of the property received, retained, or disposed of is $1,000 or greater, in which case it is a Class G Felony, or a Class F Felony if the victim is 62 years of age or older. Those statutes (11 Del. Sec. 841 et. seq.) grade the degree of the crime and the consequent severity of the penalties according to the amount obtained as a result of the defendant's illegal conduct.

30. Title 11 Del. C. Section 841 "Theft" is not an enumerated felony under 11 Del. C. Sec. 4214(a) or (b). Consequently, then, in order for the jury to find the defendant guilty of burglary in the second degree, the State was required to prove beyond a reasonable doubt the essential elements that, the defendant <u>intended</u> to commit the crime of "<u>Theft,</u>" Minnick v. State, Supra., Lewis v. State, Supra., State v. Eaton, Supra. The Trial Court in its charge however, failed to inform the jury that it must find proven, beyond a reasonable doubt, every essential element of theft, this, necessarily must include, "the amount the defendant was alleged to have obtained by theft, $40. The appropriate standard of proof beyond a reasonable doubt is set at in, In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 125 L.Ed. 2d 368 (1970).

In addition, Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2 d. 560 (1979) is the standard for evaluating claims of insufficiency of the evidence – i.e., requiring the Court to look at the evidence in the light most favorable to the prosecution and determine whether any reasonable trier of fact could find that the accused was guilty beyond a reasonable doubt.

31. What is absolutely clear on the face of the record is that the defendant has maintained his actual or factual innocence. Moreover, what is also absolutely clear in the record is that on direct examination at trial, the victim Alicia McDermott testified, within an "half-hour" after the burglary had occurred that the man the police had in custody (Hall) was not the man who committed the crime. See Trial Transcripts, page A-83. Therefore, under the facts and circumstances revealed by the evidence, and the unconstitutional jury instructions considered as a whole, the State was relieved of its burden of proving all of the essential elements of the Offense of Burglary, Second Degree, beyond a reasonable doubt. Viewed in this light most favorable to the State, Jackson, Supra., the jury could not have determined that the defendant was guilty of burglary in the second degree with the intent to commit "theft." The overwhelming weight of authority or insufficiency of the evidence is that "theft" and the intent to commit theft, and the value of the property stolen or obtained by way of the Burglary are essential elements of the crime, and more so, prejudice resulted when the value of the property or amount at issue, $40, is totally omitted for consideration creating an inability to differentiate or make a distinction between a Felony Theft or a Misdemeanor Theft to determine the severity of the offense and the consequent or appropriate punishment for a convicted offender, or a convicted habitual offender under either 11 Del. C. Sections 825, 4214 (a) or 4214(b).

32. Therefore, under the habitual offender statutory scheme embodied in 11 Del. C. Section 4214 (a) or 4214(b) for determining the degree of the status and the severity of the permissible punishment, "theft" and the amount obtained by theft is an essential element of the crime charged. This is so because the intent to commit theft is necessary in order to lawfully convict the defendant on burglary in

the second degree whether or not burglary, second degree is a predicate offence for purposes of the habitual offender statute. The Order of the Delaware Supreme Court, paragraph (5) somehow seems to predetermine that because "second degree burglary is a predicate offense for purposes of the habitual offender statute" that the other essential elements "physical injury" and the intent to commit "theft" and including the amount the defendant was alleged to have obtained is not required to be proved beyond a reasonable doubt. See Taylor v. State, 464 A. 2d. 897 (1983) (holding that, the instructions amounted to plain error in that they permitted the jury to return a guilty verdict without requiring findings on all the essential elements necessary for criminal liability). Thus, the trial court was obligated to instruct the jury on all the essential elements of the crime charged. Failure to do so was constitutional error and requires reversal because the jury reached its decision without any instruction on, or consideration of, an essential element of the crime charged.

33. Since it was clear constitutional error for the trial court to fail to instruct the jury concerning an essential element of the crime with which the defendant was charged, the defendant was clearly deprived of a fair trial. The State is unable to demonstrate the harmlessness of such violation beyond a reasonable doubt under these facts and circumstances, where on the whole record, there is insufficient evidence of defendant's guilt on the burglary in the second degree offense and a constitutional claim is raised under In re Winship, Supra., and Taylor v. State, Supra., which the Supreme Court Order dated October 27, 2006 failed to address the merits of the claims altogether. Thus this Court should assume the constitutional violation and first address the fair trail issue, and if the alleged violation is not harmless beyond a reasonable doubt, then this Court should engage in an in depth review under the Chapman v. California, 386, U.S. 18, 23-24 (1967) Standard; or under Kotteakos v. U.S., 328 U.S. 750, 776 (1946). The specific error at issue here – an error in the instructions that defined the crime – is…as easily characterized as a 'misdescription of an element' of the crime, as it is characterized as an error of 'omission'…But see Brecht v. Abrahamson, 507 U.S. at 637-38. In Brecht, the Supreme Court held that the correct harmless error

standard in most habeas corpus cases is "whether the error had substantial and injurious effect or influence in determining the jury's verdict." See 507 U.S. at 619 (quoting and adopting the standard set forth in Kotteakos v. United States, supra. The question is <u>not</u> were (the jurors) right in their judgment, regardless of the error or its effect upon the verdict. It is rather what effect the error had or reasonably may be taken to have had upon the jury's decision. Brecht, 507 U.S. at 642-43; and O'Neal v. McAninch, 513 U.S. 432 (1995). The Ninth Circuit described the standard as follows: "The omission is harmless only if review of the facts found by the jury establishes that the jury necessarily found the omitted element." 81 F. 3d, at 867 (emphasis in original), at 4; "As we understand that statement in context, it meant the omission of the "intent' part of the instruction is harmless only if review of the facts found by the jury [namely, assistance and knowledge] established that the jury necessarily found the omitted element [namely, "intent"] at 4 (emphasis in original). The omitted element of intent above referenced is synonymous with the element of intent to commit theft in Petitioners case subjudice, regarding Burglary in the second degree, see 11 Del. C. Sec. 825(1); 841 "Theft"; Minnick v. State, supra; Lewis v. State, supra.; Superior Court Criminal Rule 7(L); the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Sec. 7 of the Delaware Constitution.

CLAIM 2. THE STATE PRESENTED INSUFFICIENT EVIDENCE TO SUPPORT THE PETITIONERS CONVICTION FOR BURGLARY IN THE SECOND DEGREE TO QUALIFY HIM TO BE UNCONSTITUTIONALLY DECLARED AND SENTENCED UNDER DELAWARE'S HABITUAL OFFENDER STATUTE IN VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO A FAIR AND IMPARTIAL JURY TRIAL AND FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS OF LAW UNDER THE UNITED STATES CONSTITUTION.

34. According to the State, "Hall's two-pronged attack on the legality of his sentence is similarly merit-less. Id. State's Answering Brief at Page 5-9. Because, contrary to Hall's assertion, evidence of prior convictions does not have to be submitted to a jury and proved beyond a reasonable doubt. The Delaware Supreme Court affirmed the State's position by stating that, "This claim was subjected to extensive analysis in Hall's direct appeal. And that under Morales v. State, 696 A.2d 390 (Del 1997), the State need offer only unambiguous documentary evidence of a prior predicate conviction, not live witnesses, and not a particular or exclusive type of documentary evidence. The Court further stated that, there was substantial evidence to support the Superior Court's conclusion that the State had met its burden of proof in establishing beyond a reasonable doubt the predicate offenses required under the Habitual Offender Statute, 11 Del. C. Sec. 4214(b), and Hall v. State, 788 A.2d at 125-29. The Court opined that, this holding of the Court constitutes the law of the case unless Hall can demonstrate clear error or an important change in circumstances, relying on Bailey v. State, 521 A. 2d, 1069, 1093 (Del. 1987). As such, in the absence of any such evidence, the Court concludes that Hall's claim is without merit." See State Supreme Court Order Decided October 27, 2006, at paragraph number (4).

35. In Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed. 2d 435 (2000). The Court interpreted the constitutional due process and jury trial guarantees to require that, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. In Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed. 2d 556 (2002), the Court applied this principle to a death sentence imposed under the Arizona sentencing scheme, at issue and concluded that because Arizona law authorized the death penalty only if aggravating factor was present, Apprendi required the existence of such a fact to be proved to a jury rather than to a judge. 536 U.S. at 603-609, at 2521-22 (footnote omitted). In the instant case, the State recommended that Hall receive an enhanced sentence as an habitual offender under 11 Del. C. Sec. 4214(b) of the State habitual offender statute, owing to his two 1981 convictions by the State of Delaware for second degree burglary. In the State Courts, petitioner argued that he should not have been sentenced as an habitual offender because one of his Delaware convictions was invalid, namely, Count 3 of the indictment, Burglary in the Second Degree. The Delaware Supreme Court affirmed the sentence, finding that Hall cannot demonstrate "clear error or an important change in the circumstances." Id. Order at paragraph (4). In this claim, Hall's argument is that by eliminating the current predicate (Burglary Second Degree) required for enhancement under Sec. 4214(b), his mandatory life sentence is also eliminated.

36. Thus, for example, if the legislature defines some core crime (predicate) and then provides for increasing the punishment of that crime upon a finding of some aggravating fact – of whatever sort, including the fact of a prior conviction – the core crime and the aggravating fact together constitute an aggravated crime, just as much as grand larceny is an aggravated form of petty larceny. The aggravating fact is an element of the aggravated crime. Similarly, if the legislature, rather than creating grades of crimes, has provided for setting the punishment of a crime based on some fact – such as a fine that is proportional to the value of stolen goods – that fact is also an element. Viewed in this light then, petitioner asserts that the intent to commit theft under 11 Del. C. Sec. 841 are essential elements of

the offense charged, namely Burglary in the Second Degree under 11 Del. C. Sec. 825(1). The element of "Causes physical injury" under 825 (2) b, (same). Thus, in order to convict Hall of Burglary in the Second Degree, each fact is an element necessary for that entitlement.

37. In Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed. 2d 435 (2000), "the question presented is whether the Due Process Clause of the Fourteenth Amendment requires that a factual determination authorizing an increase in the maximum prison sentence for an offense from 10 to 20 years be made by a jury on the basis of proof beyond a reasonable doubt." At 469. The Fourteenth Amendment commands the same answer in Hall's case involving a State Statute, at 476; namely 11 Del. C. Sec. 4214 et. seq. At Stake in Hall's case are constitutional protections of surpassing importance; the proscription of any deprivation of liberty without due process of law; and the guarantee that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury. Taken together, these rights indisputably entitle a criminal defendant (Hall) to "a jury determination that he is guilty of <u>every</u> element of the crime with which he is charged, beyond a reasonable doubt, at 466-67 (footnote and citation omitted). The Delaware Habitual Offender procedure challenged in this case is an unacceptable departure from the jury tradition that is an indisputable part of our criminal justice system. A long line of essentially uniform authority…establishes that a crime includes every fact that is by law a basis for imposing or increasing punishment (in contrast with a fact that mitigates punishment).

38. Thus, if the legislature (accord Delaware) defines some core crime and then provides for increasing the punishment of that crime upon a finding of some aggravating fact – of whatever sort, including the fact of a prior conviction – the core crime and the aggravating fact together constitute an aggravating crime. In Hall's case there can be no lawful aggravated crime under 11 Del. C. Sec. 4214 (b) because his conviction for burglary in the second degree is constitutionally infirm because the trial court failed to instruct the jury on all the essential elements of the offense charged thus, relieving the State of its burden of proof

16

beyond a reasonable doubt, in violation of Hall's right to a fair and impartial jury trial and due process of law under the Sixth and Fourteenth amendments of the United States Constitution and Article 1, Sec. 7, of the Delaware Constitution. See also, Blakely v. Washington, 124 S.Ct. 2531 (2004) applying the rule of Apprendi v. New Jersey, supra., And United States v. Booker, 125 S.Ct. 738, 746 (2005) (imposition of sentence under the Federal sentencing guidelines based on additional facts found solely by a sentencing judge violates the Sixth Amendment); and Shepard v. United States, 125 S.Ct. 1254 (2005), which held that, despite the exception in Apprendi for prior convictions, a sentencing judge could not look to police reports or complaint applications to determine whether a prior guilty plea supported a conviction for burglary as a "violent" crime.

## RELIEF REQUESTED

WHEREFORE, Petitioner Hall pray that this Court:

1. Permit Petitioner to file this first amended petition for a Writ of Habeas Corpus consistent with the time limits set forth in 28 U.S.C. Section 2244.
2. Permit Petitioner to amend this petition to include any additional claims or allegations not presently known to him, that are identified or uncovered in the course of review, discovery, investigation and litigation of this Habeas Corpus petition.
3. Require the Respondents to file an answer to this petition in the form proscribed by Rule 5 of the rules governing Section 2254 cases in the United States District Court. Identifying all State proceedings conducted in Petitioner's case, including any proceedings that have not been recorded or transcribed and specifically admitting or denying the factual allegations set forth in this petition.
4. Permit petitioner to respond to any affirmative defenses raised by respondents in their answer.
5. Require Respondents to bring forth and file with this court accurate and complete copies of all documents and proceedings relating to petitioner's conviction and sentence.

6. Permit petitioner to utilize the procedures for discovery in Habeas Corpus Rule 5, and Fed. R. Civ. P. 26-37, to the extent necessary to fully develop and identify the facts supporting this petition, and any defense(s) thereto raised by Respondents answer.

7. Conduct and Evidentiary Hearing to resolve any factual disputes raised in relation to the claims in this Petition by Respondents answer to this petition, or by Petitioner's response to any of the affirmative defense(s) raised in Respondents answer.

8. Allow Petitioner sufficient time to brief the issues of law raised by this petition.

9. Issue a Writ of Habeas Corpus to direct Respondents to release the pettioner from custody, unless he is given a new trial or new proceedings are conducted to cure all the constitutional defects in the State proceedings that resulted in Petitioners present conviction and sentence.

10. Appoint counsel for Petitioner under 18 U.S.C. Section 3006A at any stage of the case and as required under Habeas Corpus Rule 8(c) where an evidentiary hearing is required.

11. Grant such other and further relief as may be appropriate.

Dated this 26 day of DECEMBER, 2006

Respectfully Submitted,

Graylin L. Hall

Graylin Hall, in pro per

## CERTIFICATE OF SERVICE

I, Graylin Hall, hereby certify that I have served a true And correct cop(ies) of the attached: Writ of Habeas Corpus, First Amended Petition upon the following parties / person(s):

TO:   U.S. DISTRICT COURT
       DISTRICT OF DELAWARE
       LOCKBOX 18
       WILMINGTON, DE 19801

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correction Center, Smyrna DE 19977

On this 26 day of DECEMBER, 2006

_Graylin L. Hall_