**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **GRAYLIN HALL,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ.Act.No. 07-003-GMS |
| | ) | |
| **THOMAS L. CARROLL**, Warden | ) | |
| and **JOSEPH R. BIDEN III**, Attorney | ) | |
| General for the State of Delaware | ) | |
| | ) | |
| Respondents.[1] | ) | |

**ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On March 13, 2000, Petitioner, Graylin L. Hall, was indicted for first degree robbery, first degree assault, second degree burglary, possession of burglar's tools, possession of drug paraphernalia, and possession of marijuana. *See* Del. Super. Ct. Crim. Dkt. Items 2, 5 in case no. 0001001994A ("Superior Court Docket Item __"). The Superior Court granted Hall's motion to sever the possession of drug paraphernalia and possession of marijuana charges. Superior Court Docket Item 22. The matter then proceeded to a trial before a Superior Court jury on July 25, 2000. Superior Court Docket Item 25. The jury acquitted Hall of first degree robbery, but convicted him on the remaining charges. Superior Court Docket Item 25. On August 3, 2000, the State moved

---

[1] *See* Fed.R.Civ.P. 25(d)(1). Attorney General Joseph R. Biden, III, assumed office on January 2, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case.

to declare Hall an habitual offender under Del. Code Ann. Tit. 11, § 4214(b).  Superior Court Docket Item 29.  The Superior Court granted the State's motion and, on October 27, 2000, sentenced Hall to life imprisonment for the burglary conviction, three years imprisonment for second degree assault, and three years imprisonment for possession of burglar's tools.  Superior Court Docket Item 29.

On December 26, 2001, the Delaware Supreme Court affirmed Hall's conviction and sentence on direct appeal.  *See Hall v. State*, 788 A.2d 118 (Del. 2001).  On November 19, 2004, Hall filed a motion for postconviction relief, which the Superior Court denied on May 3, 2005.  Superior Court Docket Items 53, 64.  On Hall's appeal  of that decision, the Delaware Supreme Court affirmed the Superior Court's decision and issued its mandate on January 3, 2006.  *Hall v. State*, 2005 Del. LEXIS 508 (Del. Dec. 13, 2005).  Hall then filed a motion for correction of his sentence on January 25, 2006; Superior Court denied that motion on February 3, 2006.  Hall then moved to alter or amend judgment or, in the alternative, for reargument on February 15, 2006; Superior Court denied that motion on February 24, 2006.  Superior Court Docket Items 72, 73, 74, 75.  Hall then appealed the Superior Court's denial of his motions; the Supreme Court affirmed the denials.  *Hall v. State*, 2006 Del. LEXIS 568 (Del. Oct. 27, 2006).

<u>Discussion</u>

In his petition for federal habeas relief, Hall raises two claims.  First, he complains that the trial judge incorrectly instructed the jury on the element of physical injury for second degree burglary.  Second, he claims that the State failed to present sufficient evidence to allow the Superior Court to declare him an habitual offender.  Both

claims were presented to the Delaware Supreme Court, thereby exhausting Hall's state court remedies.[2]

Despite having exhausted state remedies, Hall is not entitled to federal habeas relief because the claims presented in his petition are untimely under 28 U.S.C. § 2244(d). Hall's petition was filed on December 27, 2006,[3] subjecting it to the Antiterrorism and Effective Death Penalty Act ("AEDPA") signed into law by the President on April 24, 1996. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA applies to "such cases as were filed after the statute's enactment."); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 433 n.1 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997). By the terms of § 2244(d)(1), as amended by AEDPA, a federal habeas petitioner must file the petition within one year of the date on which the state court judgment became final upon the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Calderon v. Ashmus*, 523 U.S. 740, 742-43 (1998).[4] Hall's conviction became final on March 26, 2002 when the period in which Hall could have filed a petition for a writ of certiorari with the United States Supreme Court expired. He, therefore, had until March 26, 2003 to file petition for federal habeas relief without running afoul of the one year limitations period of § 2244(d)(1). *See Satterfield v.*

---

[2] Hall presented his claim about the burglary jury instructions to the Delaware Supreme Court in his appeal from the denial of his motions to correct an illegal sentence or, alternatively, for reargument, filed on February 3 and 15, 2006. *See Hall v. State*, 2006 Del. LEXIS 568, *3 (Oct. 26, 2006). Hall also presented his argument about the sufficiency of the evidence supporting his declaration as an habitual offender to the Delaware Supreme Court. *See Hall v. State*, 778 A.2d 118, 125-29 (Del. 2001).

[3] The petition is dated December 26, 2006. D.I. 1, at 16. That is the presumptive date on which Hall gave the petition to prison officials for mailing. In turn, that date is the date the petition is deemed filed. *See, e.g., Woods v. Kearney*, 215 F. Supp.2d 458, 460 (D. Del. 2002).

[4] Hall does not allege, nor can respondents discern, any reason to believe that the terms of 28 U.S.C. § 2244(d)(1)(B)-(D) are applicable.

*Johnson*, 434 F.3d 185, 191 (3d Cir. 2006); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). Hall did not file his petition until December 26, 2006, well beyond the March 26, 2003 deadline. Accordingly, his petition is untimely and must be dismissed unless the time period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

In turn, the tolling mechanism of § 2244(d)(1) does not save Hall's petition from the running of the limitations period. *See* 28 U.S.C. § 2244(d)(2). When applicable, § 2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state postconviction action is pending in the state courts. Hall, however, did not initiate any postconviction litigation until November 11, 2004, well after the limitations period had expired. Moreover, postconviction litigation commenced after the limitations period has expired does not reset or revive the limitations period. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Woods*, 215 F. Supp.2d at 462 (citing cases); *Spencer v. Snyder*, 2002 U.S. Dist. LEXIS 14754, *5-6 (D. Del. July 24, 2002) (citing cases). Accordingly, Hall's petition can not be saved by the application of the statutory tolling provisions.

Of course, this Court has repeatedly noted that the limitations period may be subject to equitable tolling. *See, e.g., Thomas v. Snyder*, 2001 U.S. Dist. LEXIS 19969, at *10-11 (D. Del. Nov. 28, 2001) (describing rule). Equitable tolling, however, applies only where the petitioner "has in some extraordinary way been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). Here, Hall has failed to allege or demonstrate any extraordinary circumstances that prevented him from filing his petition with the Court in a timely

manner.  Hall's claim challenging the sufficiency of the evidence supporting the Superior Court's declaring him an habitual offender was one of two issues raised in Hall's direct appeal.  The facts underlying Hall's argument that the jury was improperly instructed on the burglary charge were also available to him during the limitations period.  Accordingly, he cannot credibly allege that the legal argument or supporting facts were unavailable to him during the limitations period.  *See, e.g., Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  Moreover, equitable tolling requires diligence on the part of the prisoner.  *Miller*, 145 F.3d at 618-19.  In this instance, Hall waited four years before filing his petition, despite his access to the factual underpinnings of his argument.  Such a delay is hardly a sign of diligence on Hall's part.  *See LaCava v. Kyler,* 398 F.3d 271, 278-79 (3d Cir. 2005).  Accordingly, his claim is untimely under § 2244(d), and there is no basis upon which any relevant time should be excluded by virtue of the equitable tolling doctrine.

<u>Conclusion</u>

Based upon the Superior Court docket sheet, it appears that transcripts of Hall's trial and sentencing have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for writ of habeas corpus should be dismissed without further proceedings.

<u>/s/Kevin M. Carroll</u>
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4836
Kevin.Carroll@state.de.us

DATE: March 30, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2007, I electronically filed the attached

documents with the Clerk of Court using CM/ECF.  I also hereby certify that on March

30, 2007, I have mailed by United States Postal Service, the same documents to the

following non-registered participant:

    Graylin Hall
    No. 00159336
    Delaware Correctional Center
    1181 Paddock Road
    Smyrna, DE 19977

                    /s/ James T. Wakley
                    Deputy Attorney General
                    Department of Justice
                    820 N. French Street
                    Wilmington, DE 19801
                    (302) 577-8500
                    Del. Bar. ID No. 4612

Date:  March 30, 2007

LEXSEE 2005 DEL. LEXIS 508

**GRAYLIN HALL, Defendant Below-Appellant, v. STATE OF DELAWARE, Plaintiff Below-Appellee.**

**No. 226, 2005**

**SUPREME COURT OF DELAWARE**

**2005 Del. LEXIS 508**

**October 7, 2005, Submitted**
**December 13, 2005, Decided**

**NOTICE:** [*1] THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

**SUBSEQUENT HISTORY:** Post-conviction relief denied at Hall v. State, 2006 Del. LEXIS 568 (Del., Oct. 27, 2006)

**PRIOR HISTORY:** Court Below--Superior Court of the State of Delaware, in and for Sussex County. Cr. ID. 0001001994A. State v. Hall, 2005 Del. Super. LEXIS 144 (Del. Super. Ct., May 3, 2005)

**JUDGES:** Before STEELE, Chief Justice, BERGER, and RIDGELY, Justices.

**OPINION:**

**ORDER**

This 13th day of December 2005, upon consideration of the parties' brief and the record below, it appears to the Court that:

(1) The appellant, Graylin Hall, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. Hall's sole argument is that he was denied the effective assistance of trial counsel. We find no merit to Hall's appeal. Accordingly, we affirm the Superior Court's judgment.

(2) The record reflects that a Superior Court jury convicted Hall in July 2000 of second degree assault, second degree burglary, and possession of burglar's tools. The Superior Court found Hall to be an habitual offender and sentenced him to life in prison. This Court affirmed Hall's convictions and [[sentence on direct appeal.]] n1 In November 2004, Hall applied for postconviction relief under Superior Court Criminal Rule 61. [*2] After considering an affidavit from Hall's trial counsel and Hall's response thereto, the Superior Court denied postconviction relief. This appeal followed.

n1 *Hall v. State*, 788 A.2d 118 (Del. 2001).

(3) In his opening brief on appeal, Hall claims that he was denied his constitutional right to the effective assistance of counsel at trial. Specifically, Hall asserts that his counsel was ineffective in the following respects: (i) counsel's conduct at trial required the prosecutor to make numerous objections and led to the trial judge "scolding" defense counsel in front of the jury; (ii) counsel improperly mentioned a master key during his opening statement when evidence regarding the key was subject to a suppression motion that was not resolved; (iii) counsel failed to cross-examine a State witness regarding her statement to police; (iv) counsel did not adequately cross-examine another State witness and failed to object to the admission of the witness' prior statement under 11 Del. C. § 3507 [*3] ; and (v) defense counsel was too inexperienced, failed to investigate the case adequately and failed to present an alibi defense.

(4) In order to establish a claim of ineffective assistance of counsel, a defendant must demonstrate that: (i) defense counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the trial would have been different. n2 There is a strong presumption that defense counsel's conduct was professionally reasonable. n3 Moreover, a

defendant must make concrete allegations of ineffectiveness and substantiate those allegations by showing actual prejudice. n4

n2 *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

n3 *Id.* at 689.

n4 *Zebroski v. State*, 822 A.2d 1038, 1043 (Del. 2003).

(5) After careful consideration of the parties' briefs and the record below, we find it manifest that the judgment [*4] of the Superior Court should be affirmed on the basis of the Superior Court's well-reasoned decision dated May 3, 2005. Defendant's conclusory allegations fail to establish either cause or prejudice. The Superior Court did not err in concluding that Hall's motion for postconviction relief was without substantive merit.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. BY THE COURT:

/s/ Myron T. Steele Chief Justice

LEXSEE 2006 DEL. LEXIS 568

**GRAYLIN L. HALL, Defendant Below-Appellant, v. STATE OF DELAWARE, Plaintiff Below-Appellee.**

**No. 113, 2006**

**SUPREME COURT OF DELAWARE**

**2006 Del. LEXIS 568**

**September 29, 2006, Submitted**
**October 27, 2006, Decided**

**NOTICE:** [*1] THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

**PRIOR HISTORY:** Court Below--Superior Court of the State of Delaware in and for Sussex County. Cr. ID No. 0001001994A. Hall v. State, 2005 Del. LEXIS 508 (Del., Dec. 13, 2005).

**DISPOSITION:** NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

**JUDGES:** Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

**OPINION:**

**ORDER**

This 27th day of October 2006, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1) The defendant-appellant, Graylin L. Hall, filed an appeal from the Superior Court's February 3, 2006 order denying his motion for correction of an illegal sentence pursuant to Superior Court Criminal Rule 35(a) and from the Superior Court's February 23, 2006 order denying his motion to alter or amend the judgment or, in the alternative, for reargument. We find no merit to the appeal. Accordingly, we AFFIRM.

(2) In 2000, Hall was found guilty by a Superior Court jury of Assault in the Second Degree, Burglary in [*2] the Second Degree and Possession of Burglar's Tools. He was sentenced as a habitual offender n1 to life in prison on the burglary conviction and was sentenced on the remaining convictions to a total of 6 years of Level V incarceration. This Court affirmed Hall's convictions and sentences on direct appeal. n2

n1 Del. Code Ann. tit. 11, 4214(b).

n2 *Hall v. State*, 788 A.2d 118 (Del. 2001).

(3) In this appeal, Hall claims that: a) his burglary sentence is illegal because there was insufficient evidence to support his status as a habitual offender; b) his burglary sentence is unconstitutional because the Superior Court judge failed to properly instruct the jury on the element of physical injury; c) the Superior Court improperly ruled that his Rule 35(a) motion should have been brought as a postconviction motion pursuant to Rule 61; and d) the Superior Court abused its discretion by denying his motion to alter or amend the judgment or, in the alternative, motion for [*3] reargument as untimely.

(4) Hall's first claim is that his sentence as a habitual offender is illegal because the State presented insufficient evidence of the requisite number of predicate offenses. This claim was subjected to extensive analysis in Hall's direct appeal. There, this Court held that, under *Morales v. State*, n3 "the State need offer only unambiguous documentary evidence of a prior predicate conviction, not live witnesses, and not a particular or exclusive type of documentary evidence. . . . Here, . . . it is clear . . . that Hall pleaded guilty to two specific counts of burglary in the second degree, which are indeed enumerated offenses under Section 4214(b). . . . [T]here was substantial evidence to support the Superior Court's conclusion that the State had met its burden of proof in establishing beyond a reasonable doubt the predicate offenses required under [the habitual offender statute]." n4 This holding of the Court constitutes the law of the case unless Hall can demonstrate clear error or an important

change in circumstances. n5 In the absence of any such evidence, we conclude that Hall's first claim is without merit.

n3 696 A.2d 390 (Del. 1997).

[*4]

n4 *Hall v. State*, 788 A.2d at 125-29.

n5 *Bailey v. State*, 521 A.2d 1069, 1093 (Del. 1987).

(5) Hall's second claim is that his sentence is unconstitutional because the Superior Court judge failed to instruct the jury on the element of physical injury. This claim is incorrect as a matter of law. Second degree burglary is a predicate offense for purposes of the habitual offender statute regardless of whether it involves physical injury. n6 Moreover, evidence of prior convictions for purposes of habitual offender status is not submitted to the jury, but, rather, to the judge. n7 We, therefore, conclude that Hall's second claim is without merit.

n6 *Williams v. State*, 539 A.2d 164, 174-75 (Del. 1988).

n7 *Morales v. State*, 696 A.2d 390 (Del. 1997).

(6) Hall's third claim is that the Superior Court improperly ruled that his Rule 35(a) motion should [*5] have been brought as a postconviction motion pursuant to Rule 61. Even assuming error on the part of the Superior Court, there was no prejudice to Hall. Because Hall has failed to demonstrate that his sentence exceeds the statutorily-authorized limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize, he is not entitled to relief under

Rule 35(a). n8 We, therefore, conclude that Hall's third claim is without merit. n9

n8 *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

n9 *Unitrin, Inc. v. American General Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (This Court may affirm a judgment of the Superior Court on grounds different from those relied upon by the Superior Court).

(7) Hall's fourth, and final, claim is that the Superior Court abused its [*6] discretion by denying as untimely both his motion to alter or amend the judgment and his motion for reargument. If viewed as a motion for reargument, Hall's motion was untimely. n10 If viewed as a motion to alter or amend the judgment, Hall's motion was timely. n11 However, because there is no merit to Hall's claim that his habitual offender sentence was illegal and unconstitutional, there were no valid grounds for that motion and the Superior Court properly denied it. We, therefore, conclude that Hall's fourth claim is also without merit. n12

n10 Super. Ct. Civ. R. 59(e) and 6(a).

n11 Super. Ct. Civ. R. 59(d) and 6(a).

n12 *Unitrin, Inc. v. American General Corp.*, 651 A.2d at 1390.

NOW, THEREFORE, IT IS ORDERED that the judgment of the

Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland

Justice

1 of 1 DOCUMENT

**JESSE L. SPENCER, Petitioner, v. ROBERT SNYDER, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, Respondents.**

**Civil Action No. 00-898-SLR**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**2002 U.S. Dist. LEXIS 14754**

**July 24, 2002, Decided**

**DISPOSITION:** [*1] Petitioner's application for a writ of habeas corpus dismissed.

**COUNSEL:** Jesse L. Spencer, Petitioner, Pro se, Delaware Correctional Center, Smyrna, Delaware.

Loren C. Meyers, Esquire, Chief of Appeals Division, Delaware Department of Justice, Wilmington, Delaware, Counsel for Respondents.

**JUDGES:** Sue L. Robinson, United States District Judge.

**OPINION BY:** Sue L. Robinson

**OPINION:**

**MEMORANDUM OPINION**

Dated: July 24, 2002
Wilmington, Delaware

**ROBINSON, Chief Judge**

**I. INTRODUCTION**

Petitioner Jesse L. Spencer is a state inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2) For the reasons that follow, the court concludes that petitioner's application is time barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d)(1). Accordingly, the court will dismiss the petition as untimely.

**II. BACKGROUND**

Following a jury trial in the Delaware Superior Court, petitioner was convicted of assault, robbery, bur-

glary, kidnaping, and four counts of possession of a [*2] deadly weapon during the commission of a felony. The Superior Court sentenced petitioner on September 22, 1995, to 103 years imprisonment, suspended after 100 years for decreasing levels of supervision. On direct appeal, the Delaware Supreme Court affirmed. Spencer v. State, 1996 Del. LEXIS 248, No. 417, 1995, 1996 WL 415919 (Del. July 17, 1996).

Three years later, on July 16, 1999, petitioner filed in the Superior Court a motion for postconviction relief pursuant to Rule 61 of the Superior Court Rules of Criminal Procedure. The Superior Court summarily dismissed the motion. State v. Spencer, 1999 Del. Super. LEXIS 357, No. 9402009418, 1999 WL 743314 (Del. Super. Ct. Aug. 3, 1999). The Delaware Supreme Court dismissed petitioner's postconviction appeal as untimely. Spencer v. State, 741 A.2d 17, No. 407, 1999, 1999 WL 971069 (Del. Oct. 4, 1999).

Petitioner's application for federal habeas relief is now before the court.

**III. DISCUSSION**

**A. One-Year Period of Limitation**

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute by prescribing a one-year period of limitation for the filing of habeas petitions by state [*3] prisoners. Stokes v. District Attorney of County of Philadelphia, 247 F.3d 539, 541 (3d Cir.), cert. denied, 534 U.S. 959, 151 L. Ed. 2d 276, 122 S. Ct. 364 (2001). Effective April 24, 1996, the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

Case 1:07-cv-00003-GMS    Document 11-2    Filed 03/30/2007    Page 6 of 12

Page 2
2002 U.S. Dist. LEXIS 14754, *

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .

28 U.S.C. § 2244(d)(1).

As described above, the Delaware Supreme Court affirmed petitioner's conviction and sentence on July 17, 1996. Petitioner was then allowed ninety days in which to file a petition for a writ of certiorari with the United States Supreme Court. See Sup. Ct. R. 13.1. Although petitioner did not seek review from the United States Supreme Court, the ninety-day period in which he could have filed such a petition is encompassed within the meaning of "the expiration of the time for seeking [direct] review," as provided in § 2244(d)(1)(A). [*4] See Kapral v. United States, 166 F.3d 565, 576 (3d Cir. 1999) (holding that on direct review, the limitation period begins to run at the expiration of the time for seeking review in the United States Supreme Court). Therefore, petitioner's conviction became final on October 15, 1996, ninety days after the Delaware Supreme Court affirmed his conviction and sentence.

The court's docket reflects that the current petition was filed on October 13, 2000. (D.I. 2) A pro se prisoner's habeas petition, however, is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the district court dockets it. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Petitioner has provided the court with no documentation establishing the date he delivered his petition to prison officials for mailing. The petition itself, however, is dated September 29, 2000. (D.I. 2) In the absence of proof respecting the date of delivery, the court deems the petition filed on September 29, 2000. See Murphy v. Snyder, Civ. A. No. 98-415-JJF, at 4 (D. Del. Mar. 8, 1999).

In short, the one-year period began running when petitioner's [*5] conviction became final on October 15, 1996. His habeas petition was filed nearly four years later on September 29, 2000. That, however, does not necessarily require dismissal of the petition as untimely, because the one-year period is subject to statutory and equitable tolling. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999).

**B. Statutory Tolling**

The AEDPA provides for statutory tolling of the one-year period of limitation as follows:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Here, petitioner filed a motion for postconviction relief in the Superior Court on July 16, 1999. The one-year period of limitation, however, expired on October 15, 1997, one year after his conviction became final. Petitioner's motion for postconviction relief, filed long after the one-year period expired, has no tolling effect in this matter. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001) [*6] (stating that application for postconviction relief filed after the expiration of the one-year period has no tolling effect), cert. denied, 152 L. Ed. 2d 649, 122 S. Ct. 1789 (2002); Collingwood v. Snyder, 2002 U.S. Dist. LEXIS 12591, Civ. A. No. 00-783- SLR, 2002 WL 1446702, *3 (D. Del. June 28, 2002) (same).

In sum, petitioner filed his motion for postconviction relief after the one-year period of limitation had expired. The court thus concludes that the statutory tolling provision does not apply.

**C. Equitable Tolling**

Additionally, the one-year period of limitation may be equitably tolled. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944, 151 L. Ed. 2d 241, 122 S. Ct. 323 (2001); Jones, 195 F.3d at 159; Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998). The doctrine of equitable tolling applies

only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised [*7] reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented

from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, 195 F.3d at 159 (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)).

In the instant case, petitioner has failed to articulate any extraordinary circumstances that prevented him from filing his petition with this court in a timely manner. Indeed, he has failed to offer any explanation for the delay, and even acknowledges that he "has not filed his petition within the statutory provision of § 2244(d)(1)." (D.I. 18, P5) Moreover, the court has independently reviewed the record, and can discern no extraordinary circumstances that warrant applying equitable tolling. Accordingly, the court will dismiss the petition as time barred.

## IV. CERTIFICATE OF APPEALABILITY [*8]

Finally, the court must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal court dismisses a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484, 146 L. Ed. 2d 542, 120 S. Ct. 1595 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court

erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

As discussed above, the court has concluded that the current habeas petition is time barred, and that neither the statutory tolling [*9] provision nor the doctrine of equitable tolling applies. The court is persuaded that reasonable jurists would not debate the correctness of these conclusions. Petitioner, therefore, has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability is not warranted.

## V. CONCLUSION

For the reasons stated, the court will dismiss petitioner's application for a writ of habeas corpus, and will not issue a certificate of appealability. An appropriate order shall issue.

### ORDER

At Wilmington, this 24th day of July, 2002, consistent with the memorandum opinion issued this same day;

IT IS HEREBY ORDERED that:

1. Petitioner Jesse L. Spencer's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I. 2) is dismissed, and the relief requested therein is denied.

2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

Sue L. Robinson

United States District Judge

**KEVIN A. THOMAS, Petitioner, v. ROBERT W. SNYDER, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, Respondents.**

**Civil Action No. 98-597-GMS**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**2001 U.S. Dist. LEXIS 19969**

**November 28, 2001, Decided**

**DISPOSITION:** [*1] Thomas' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 DISMISSED, and relief requested therein DENIED. Thomas' letter dated April 16, 2000, requesting appointment of counsel, construed as a motion for appointment of counsel, and so construed, DENIED as moot.

**COUNSEL:** KEVIN A. THOMAS, petitioner, Pro se, Smyrna, DE.

For ROBERT W. SNYDER, ATTORNEY GENERAL OF THE STATE OF DELAWARE, respondents: Thomas E. Brown, Department of Justice, Wilmington, DE.

**JUDGES:** Gregory M. Sleet, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Gregory M. Sleet

**OPINION:**

### MEMORANDUM AND ORDER

Kevin A. Thomas was convicted of first degree murder and possession of a deadly weapon during the commission of a felony. He is presently incarcerated in the Delaware Correctional Center in Smyrna, Delaware, where he is serving a sentence of life imprisonment. Thomas has filed with this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As explained below, the court will dismiss Thomas' petition as time barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d).

### I. BACKGROUND

On June 28, 1993, following [*2] a jury trial in the Delaware Superior Court, Kevin A. Thomas was convicted of first degree murder and possession of a deadly weapon during the commission of a felony. The evidence at trial demonstrated that on September 13, 1992, Thomas shot David Turner in the face and killed him. Thomas was seventeen years old at the time. He was sentenced to life in prison without parole on the murder conviction and to a consecutive sentence of five years in prison on the weapons conviction. The Delaware Supreme Court affirmed Thomas' conviction and sentence on September 21, 1994.

On December 18, 1996, Thomas filed in state court a motion for post-conviction relief pursuant to Rule 61 of the Delaware Superior Court Criminal Rules. The trial court summarily dismissed Thomas' Rule 61 motion on December 23, 1996. Thomas appealed to the Delaware Supreme Court. His subsequent motion to withdraw the appeal was granted on March 11, 1997. Thomas filed a second Rule 61 motion for post-conviction relief on March 27, 1997, which was summarily dismissed on May 9, 1997. Again, Thomas appealed to the Delaware Supreme Court. The Court affirmed the order of dismissal on November 24, 1997.

Thomas has now filed [*3] with this court the current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition Thomas articulates four separate grounds for relief: (1) The searches of his residence and car were in violation of the Fourth Amendment, and all evidence seized from these searches should have been suppressed; (2) The trial court erred in admitting identification testimony that was the result of an impermissibly suggestive photographic identification procedure; (3) The trial court violated his constitutional right to due process by giving a supplemental jury instruction pursuant to *Allen v. United States*, 164 U.S. 492, 41 L. Ed. 528, 17 S. Ct. 154 (1896); and (4) His constitutional rights were violated when police questioned him without a parent or legal guardian present. The respondents argue that the petition is subject to a one-year period of limitation that expired before Thomas filed it. Thus, they request that the court dismiss the petition as time barred.

## II. DISCUSSION

### A. One-Year Period of Limitation

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute [*4] by prescribing a one-year period of limitation for the filing of § 2254 habeas petitions by state prisoners. *Stokes v. District Attorney of the County of Philadelphia*, 247 F.3d 539, 541 (3d Cir. 2001). Effective April 24, 1996, the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .

28 U.S.C. § 2244(d)(1). In order to avoid any impermissible retroactive application of the one-year period of limitation, state prisoners whose convictions became final prior to the enactment of the AEDPA were allowed to file their § 2254 petitions no later than April 23, 1997. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998)(prohibiting dismissal of petitions filed on or before April 23, 1997, as untimely under § 2244(d)(1)(A)).

Thomas' conviction became final prior to the enactment of the AEDPA. He [*5] was convicted on June 28, 1993. The Delaware Supreme Court affirmed the judgment of conviction on September 21, 1994. Thomas was then allowed ninety days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* Supreme Court Rule 13. Although Thomas did not file a petition with the United States Supreme Court, the ninety-day period in which he could have filed such a petition is encompassed within the meaning of "the conclusion of direct review or the expiration of the time for seeking such review," as set forth in § 2244(d)(1)(A). *See Kapral v. United States*, 166 F.3d 565, 576 (3d Cir. 1999)(holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Therefore, Thomas' conviction became final on December 20, 1994, ninety days after the Delaware Supreme Court affirmed his conviction, and well before the enactment of the AEDPA on April 24, 1996. Thus, he

could have filed a timely habeas petition with this court not later than April 23, 1997. *See Burns*, 134 F.3d at 111.

Ascertaining the precise date [*6] Thomas filed his habeas petition with the court is somewhat problematic. The court's docket reflects that the petition was filed on October 21, 1998, the date the clerk's office received his petition and filing fee. A pro se prisoner's habeas petition, however, is considered filed on the date he delivers it to prison officials for mailing to the district court, not on the date the court receives it. *Id.* at 113. Thomas has provided the court with no documentation establishing the date he delivered his petition to prison officials for mailing. The petition itself, however, is dated August 10, 1998. The respondents maintain that the filing date is October 8, 1998, but they provide no documentation to support this conclusion. Under these circumstances, the court will extend Thomas every benefit of the doubt and will consider his habeas petition filed on August 10, 1998, the earliest possible date he could have delivered it to prison officials for mailing.

Obviously Thomas' habeas petition was filed well beyond the April 23, 1997 deadline. That, however, does not end the inquiry because § 2244(d)'s period of limitation may be either statutorily or equitably tolled. [*7] *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

### B. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Thomas filed in state court a Rule 61 motion for post-conviction relief on December 18, 1996, which the Superior Court summarily dismissed on December 23, 1996. As previously noted, Thomas appealed from the order of dismissal. His subsequent motion to withdraw the appeal was granted on March 11, 1997. The respondents concede, and correctly so, that the filing of this motion for post-conviction relief tolled the period of limitation. Thus, the period of time from December 18, 1996, through March 11, 1997, does not count toward the one-year period of limitation. n1

n1 The court notes that the one-year period is tolled during the time between the Superior Court's dismissal of Thomas' Rule 61 motion and his timely appeal to the Delaware Supreme Court. *See Swartz v. Meyers*, 204 F.3d 417, 420 (3d Cir. 2000).

[*8]

Thomas filed a second Rule 61 motion for post-conviction relief in state court on March 27, 1997, which was summarily dismissed on May 9, 1997. The Delaware Supreme Court affirmed the dismissal on November 24, 1997. Again, the respondents concede that the filing of the second Rule 61 motion tolled the period of limitation. n2 Thus, the period of time from March 27, 1997, through November 24, 1997, is excluded from the one-year limitation period. n3

n2 Only a "properly filed application" for post-conviction review tolls the one-year period under § 2244(d)(2). Whether Thomas' second Rule 61 motion constitutes a "properly filed application" is subject to debate. Under Rule 61, "any ground for relief that was not asserted in a prior postconviction proceeding . . . is thereafter barred." Super. Ct. R. Crim. P., Rule 61(i)(2). This procedural bar, however, is inapplicable where a motion raises "a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction." *Id.*, Rule 61(i)(5). The court need not, and does not, address whether Thomas' second Rule 61 motion was a "properly filed application" because the respondents concede that the one-year period was tolled while the second Rule 61 motion was pending. Regardless, as discussed herein, Thomas' habeas petition is untimely.

[*9]

n3 Thomas could have filed, but did not file, a petition for a writ of certiorari with the United States Supreme Court within ninety days of the Delaware Supreme Court's order. *See* Supreme Court Rule 13. As explained above, on direct review that ninety-day period is excluded from the one-year period of limitation. *See Kapral*, 166 F.3d at 576. In post-conviction proceedings, however, the time during which a state prisoner may file a petition in the United States Supreme Court does *not* toll the one-year period, and the

ninety-day period is counted. *Stokes*, 247 F.3d at 543.

Nonetheless, since the date of the enactment of AEDPA, more than one year has passed during which statutory tolling does not apply. First, from April 24, 1996, through December 17, 1996, a period of 238 days, no post-conviction proceedings were pending, and those 238 days are included as part of the one-year period. In addition, from March 12, 1997, through March 26, 1997, no post-conviction relief proceedings were pending, and those fourteen days must be counted. Finally, from November 25, 1997, through [*10] August 9, 1998, a period of 258 days, no motion for post-conviction relief was pending, and those 258 days must be counted.

In sum, following the enactment of the AEDPA, 510 days lapsed during which Thomas had no post-conviction proceedings pending for purposes of § 2244(d)(2). This period of time, well in excess of one year, must be counted. The court thus concludes that while the statutory tolling provision applies to certain portions of time since the enactment of the AEDPA, it does not render Thomas' habeas petition timely filed.

**C. Equitable Tolling**

Additionally, the one-year period of limitation prescribed in § 2244(d) may be subject to equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Jones*, 195 F.3d at 159; *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). The doctrine of equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she [*11] exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller*, 145 F.3d at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones*, 195 F.3d at 159, *quoting United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998).

In the instant case, Thomas argues that the AEDPA's one-year period of limitation is at odds with the three-year period allowed for filing a Rule 61 motion for post-conviction relief. He contends that because Delaware allows three years in which to file a Rule 61 motion, and petitioners are required to exhaust state remedies before filing habeas petitions in federal court, it is unfair to apply the AEDPA's one-year period of limitation, rather than Delaware's three-year period.

Although Thomas is correct that Delaware generally allows three years in which to file a Rule 61 motion, [*12] *see* Super. Ct. R. Crim. P., Rule 61(i)(1), the court is unimpressed by his equitable tolling argument. As explained above, the court has applied § 2244(d)(2)'s tolling provision to exclude the periods of time during which his two post-conviction proceedings were pending before the state courts. These periods of time do not count against Thomas. There is nothing unfair or inequitable in applying the AEDPA's one-year period of limitation to petitioners who wait more than a year before filing a habeas petition in federal court, even if the Delaware rule permits a longer period of time in which to file Rule 61 motions.

More important, Thomas has failed to articulate any extraordinary circumstances that prevented him from filing his habeas petition with this court in a timely manner. Indeed, he has failed to offer *any* explanation for the delay. He has not provided the court with any reason why, after the AEDPA was enacted, he waited until December 18, 1996, to file his first Rule 61 motion. He has not explained why, after his second Rule 61 proceedings were completed on November 24, 1997, he waited until August 10, 1998, to file his habeas petition with this court.

In short, the [*13] court cannot discern any extraordinary circumstances that warrant applying the doctrine of equitable tolling. Thomas' habeas petition will be dismissed as untimely.

#### D. Motion for Appointment of Counsel

In a letter to the court dated April 16, 2000, Thomas inquired respecting appointment of counsel in this matter. The court construes this letter as a motion for appointment of counsel. The Sixth Amendment right to counsel does not extend to habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). Additionally, the court has determined that Thomas' habeas petition will be dismissed as untimely. Accordingly, Thomas' letter dated April 16, 2000, construed as a motion for appointment of counsel, will be denied as moot.

#### III. CERTIFICATE OF APPEALABILITY

Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional [*14] right." 28 U.S.C. § 2253(c)(2).

When the court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 146 L. Ed. 2d 542, 120 S. Ct. 1595 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, Thomas' habeas petition is barred by the one-year period of limitation. The court cannot conclude that the period should be statutorily or equitably tolled to render the petition timely. The court is convinced that reasonable jurists would not debate otherwise. Thomas therefore cannot make a substantial showing of the denial of a constitutional right, and a certificate of appealability [*15] will not issue.

#### IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

> 1. Thomas' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED.

> 2. Thomas' letter dated April 16, 2000, requesting appointment of counsel, is construed as a motion for appointment of counsel, and so construed, is DENIED as moot.

> 3. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated: November 28, 2001

Gregory M. Sleet

2001 U.S. Dist. LEXIS 19969, *

UNITED STATES DISTRICT JUDGE