Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

RE: Hall v. Carroll at el. C.A. No. 1:07-CV-3

Date: May 29, 2007

Dear Clerk:



Pursuant to the Court's Order to Show Cause issued in the above-captioned case which directed the respondents to answer and respond to the allegations of the habeas corpus petition and produce certified copies of the transcripts of (pre-trial, trial, sentencing and post-conviction proceedings) and including certified copies of the indictment, plea and judgment; accord Habeas Corpus Rule 5 and 28 U.S.C. Section 2949. Please be advised that respondents have failed altogether to submit certified Court records of Petitioners 1981 Plea Agreement, and the 1981 Plea Colloquy and sentencing transcript regarding his alleged conviction on the charges of Burglary in the Second Degree (2 counts), Criminal Action Numbers 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 and 0028, conviction date August 28, 1981 – Sentencing date December 4, 1981, before the Honorable Claud L. Tease. Although respondents have submitted copies of their Motion to Declare Defendant An Habitual Offender pursuant to 11 Del. C. Section 4214(b), A-9-10 and a document entitled Sentence, A-11 Exhibit A, and the Superior Court Criminal Docket, Exhibit A, A-12, A-13, respondents have failed to produce the record of the 1981 Plea Agreement and Plea Colloquy in accordance with Superior Court Criminal Rule 11(e) (2); (f) and (g). Rule 11 (e) (2) provides "Notice of such Agreement, while subsection (f) determines the accuracy of such Plea; and subsection (g) requires a Record of such proceedings. Without making these material records available 1) it is impossible for this court to make a de novo determination if a plea agreement has been reached by the parties; 2) Without such determination of the 1981 Plea there is no factual basis for the judgment declaring petitioner an habitual criminal; and 3) A verbatim record of the 1981 Plea Colloquy proceedings must be made which must include, without limitation, the Court's advise to the defendant, the inquiry into the voluntariness of the plea including the plea agreement, and the inquiry into the accuracy of the guilty plea; and including a completed and

executed plea agreement and executed waiver of rights on forms approved by the Court. Moreover, the instant petitioner further states that the Sentencing Transcript of Proceedings dated October 27, 2000 at pages 3 and 4 clearly reflects that the file which allegedly contained the Plea Agreement and plea Colloquy hearing of defendants conviction for the 1981 Burglary in the Second Degree, Criminal Action Numbers 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 and 0028 has never been produced which was relied upon to declare petitioner an habitual criminal offender and impose an unlawful Natural Life Sentence under the sentencing provisions of 11 Del. C. Section 4214 (b).

According to the record regarding the 1981 burglary, "the clerk claimed that the clerk accidentally sent the file back earlier with another file, but the clerk stated I already called for it. It's on the way. Then the Court responded, Go ahead. Its on the way, continue." The problem with this scenario is that the file was never produced at the October 27, 2000 hearing, and respondents have failed to produce this record in the instant habeas proceeding. See transcript enclosed herein, (Exhibit A). As such, the basis supporting Petitioner's conviction and sentence as an habitual offender is the Court docket attached to the State's Motion to Declare the Defendant an Habitual Offender. Id at Exhibit A., passim.

As such, in good faith, petitioner hereby moves the Court to direct sua sponte that the record be expanded requiring that the respondents be further ordered in accordance with Habeas Corpus Rule 7 and 28 U.S.C. Sections 2247 and 2249 to produce certified copies of the 1981 Plea Agreement and Sentencing Plea Colloquy Transcripts as documentary evidence which are material to the questions raised in petitioner's habeas petition, since respondents have sandbagged by failing to attach these records either to their Answer or this Court's Order to Show Cause. In addition, Petitioner request that pursuant to Habeas Corpus Rule 7, subdivision (a) that the Honorable Judge Sleet require authentication of these requested records.

Finally, petitioner herby renews his previous request that the Office of the Clerk of the District Court of Delaware forward to him a certified copy of this Court's ORDER TO SHOW CAUSE issued on respondents which petitioner never received and a certified copy of the Court docket entries in this case. See generally Boykin v. Alabama, 395 U.S. 238 (1960) (Defendant must be informed about direct consequences of plea and also

additional collateral consequences); United States v. Vonn, 535 U.S. 55 (2002) (Overrules McCarthy v. U.S. 394 U.S. 459 (1969); makes Rule 11 subject to plain-error analysis); and Henderson v. Morgan, 426 U.S. 637 (1976) (Guilty plea involuntary when neither attorney, Court or Government informs defendant as to element of offense.

Respectfully Submitted,

*Graylin Hall*

Graylin Hall In Pro Per

## CERTIFICATE OF SERVICE

I, Graylin Hall, hereby certify that I have served a true And correct cop(ies) of the attached: REQUEST FOR COMPLIANCE AND / OR EXPANSION OF THE RECORD upon the following parties / person(s):

TO: OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
844 N. KING STREET, LOCKBOX 18
WILMINGTON, DE 19801-3570

TO: KEVIN M. CARROLL
DEPARTMENT OF JUSTICE
STATE OFFICE BUILDING
820 N. FRENCH STREET
WILMINGTON, DE 19801-3509

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correction Center, Smyrna DE 19977

On this 29 day of May, 2007

Graylin Hall

4





I/M: Cofelley Harris
SBI# 267336
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of The Clerk
United States District Court
844 North King Street Lockbox 18
Wilmington, Delaware
19801-3570

COPY

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

- - - - - - - - - - - - - - X
STATE OF DELAWARE           :
                            :  ID No. 0001001994
                            :
    v.                      :  Criminal Action Nos.
                            :  S00-01-0160 thru 0164
GRAYLIN L. HALL,            :
                            :
    Defendant.              :
- - - - - - - - - - - - - - X

T R A N S C R I P T
O F
P R O C E E D I N G S

Sussex County Courthouse
Georgetown, Delaware
Friday, October 27, 2000

The above-entitled matter was scheduled for sentencing in open court at 9:35 o'clock a.m.

BEFORE:

   THE HONORABLE T. HENLEY GRAVES, Judge.

APPEARANCES:

   PAULA R. STEINER, Deputy Attorney General,
      appearing on behalf of the State of
      Delaware.

   NEIL F. DIGNON, Esquire, appearing on
      behalf of the Defendant.

KATHY S. PURNELL
OFFICIAL COURT REPORTER

*Exhibit A*

```
 1                    P R O C E E D I N G S
 2            THE COURT:  All right.  We've got a
 3    sentencing.
 4            THE BAILIFF:  Your Honor, it's a sentencing
 5    on Graylin Hall.  Mr. Dignon and Ms. Steiner.
 6            THE COURT:  Refresh my recollection.  Why
 7    did we continue it last time?
 8            MR. DIGNON:  Your Honor, when the original
 9    sentencing was scheduled, Mrs. Steiner was in trial
10    in the other courtroom.
11            THE COURT:  That's right, and you wanted to
12    wait.
13            MS. STEINER:  There was one time after that
14    that Mr. Hall was not brought in, I think.  We were
15    here and he was not brought in.
16            THE COURT:  All right.  This is the
17    sentencing of Graylin Hall and there is a motion,
18    State's motion for a habitual offender.
19            MS. STEINER:  That's correct.  Your Honor,
20    the State has filed a motion pursuant to 11 Delaware
21    Code 4214(b) to declare Mr. Hall a habitual offender
22    and sentence him on his convictions as a result of
23    his trial, burglary in the second degree, assault in
```

```
 1    the second degree, possession of burglar's tools,
 2    sentencing him as a habitual offender.
 3             THE COURT:  That's a non-discretional
 4    section?
 5             MS. STEINER:  Let me correct that.  The
 6    State's motion only requests that he be sentenced as
 7    a habitual offender with that status applied to the
 8    burglary in the second degree.  Yes, it is the
 9    non-discretionary subsection.
10             THE COURT:  How old is Mr. Hall?  He's 38?
11             MR. DIGNON:  That's correct, Your Honor.
12             THE COURT:  All right.  Does Mr. Hall fall
13    into the habitual offender statute, Counsel?
14             MR. DIGNON:  Your Honor, strictly reading
15    the rules of the statute, I would have to say, yes,
16    Your Honor.  However, I would ask that the State's
17    motion be denied, being that the evidence presented
18    to the Court is insufficient.
19             THE COURT:  Based on what?
20             MR. DIGNON:  Morales versus State, Your
21    Honor.  I call the Court's attention to the State's
22    motion.
23             THE COURT:  Do we have the motion?
```

1          THE CLERK: Your Honor, I accidentally sent
2     the file back earlier with another file. I already
3     called for it. It's on the way.
4          THE COURT: Go ahead. It's on its way.
5     Continue.
6          MR. DIGNON: One of the underlying charges
7     is a 1981 burglary. The conviction date is August
8     28, 1981. A review of the docket attached to the
9     State's motion shows that that was a result of a
10    guilty plea. Under Morales versus State, when the
11    guilty plea is one of the underlying convictions,
12    the State must present the text of the guilty plea
13    in order for it to be relied on. For the Court to
14    grant the motion, based upon an underlying offense
15    that was a guilty plea without the text, it's an
16    abuse of discretion. Would the Court care to see
17    the case?
18         THE COURT: Yes. Morales. Now, is that
19    for a guilty plea in this State or a guilty plea
20    where it's another State's guilty plea?
21         MR. DIGNON: Your Honor, the careful
22    reading of this case shows that the discussion of
23    the out-of-state plea comes after the Court states

1  that the text of the plea must be presented and then
2  it must be examined when the out-of-state charge is
3  comparable to an enumerated Delaware charge.
4      THE COURT: My understanding has always
5  been that the Court can take judicial notice of its
6  own convictions. Just hold on for a moment.
7      Well, the first sentence is, "In this
8  appeal, we consider whether guilty pleas entered in
9  conjunction with plea bargains made in another
10 jurisdiction and documented as such only by
11 indictments and docket sheets, may provide the basis
12 for an adjudication of habitual criminality under
13 the statute." The issue is other jurisdictions.
14     MR. DIGNON: But, Your Honor, the second
15 sentence of the highlighted section on Page 5
16 states, "Where a guilty plea forms the basis of an
17 underlying conviction, many courts require the
18 prosecution to provide not only the underlying
19 indictment or information, but also the text of the
20 guilty plea in order to determine whether the
21 defendant was charged with and admitted to conduct
22 that would establish the felony conviction," Your
23 Honor.

KATHY S. PURNELL
OFFICIAL COURT REPORTER

1        THE COURT: That's because you don't have
2   your own records to look at.
3        MR. DIGNON: If you go on, Your Honor.
4   "This requirement recognizes that the crimes with
5   which a defendant is charged and the crimes to which
6   he or she ultimately pleads guilty in a plea bargain
7   can be, and often are, quite different."
8        The purpose of this requirement, Your
9   Honor, is to make absolutely certain that the guilty
10  plea was not flawed, and that the charge that they
11  actually pled guilty to is an enumerated charge
12  under 4214(b). If you read the Morales decision,
13  the Court does not -- the Court finds that when you
14  are discussing sending a person to prison for the
15  rest of their life, the Court must make absolutely
16  certain that every step in the process has been
17  scrutinized.
18       THE COURT: But you've just told me he
19  compromised. You're talking about whether or not we
20  have a transcript of something that this Court has.
21       MR. DIGNON: Your Honor, the State's motion
22  is insufficient, and therefore, it should be denied.
23       THE COURT: All right. State's position.

KATHY S. PURNELL
OFFICIAL COURT REPORTER

1           MS. STEINER:  Your Honor, the State submits
2   that I've had the opportunity to read the Morales
3   case fully, but as Your Honor pointed out, the focus
4   in Morales was an out-of-state conviction.  And the
5   reason for requiring a transcript or whatever to see
6   what was pled to is to compare them to the Delaware
7   statutes.  If another jurisdiction has the burglary
8   in the second degree, there may be some elements of
9   that other State's burglary in the second degree
10  that differ from Delaware's burglary in the second
11  degree, which may make it a non-qualifying habitual
12  offender triggering offense in another jurisdiction.
13          That's the reason for requiring further
14  information than just the fact of a conviction to
15  something like burglary in the second degree in
16  another jurisdiction, because those offenses may
17  differ from the elements from an offense in
18  Delaware.
19          The State submits that Mr. Hall has a prior
20  conviction for burglary in the second degree in this
21  State in 1981 and in 1988, as the State's motion has
22  set forth.  The conviction, as a result of the trial
23  in this matter, constitutes the third conviction for

1   one of the enumerated felonies that requires the

2   imposition of the habitual offender status in a

3   non-discretionary life sentence under 4214(b).

4           MR. DIGNON: Your Honor, I again restate

5   the Morales case is clear it does not make --

6           THE COURT: It does, Counsel. It does. It

7   states that -- the Court states it is -- the

8   question is whether guilty pleas entered in

9   conjunction with plea bargains made in another

10  jurisdiction. That is what the Court is addressing.

11  The Court then goes to the discussion of it. The

12  Court is concerned whether or not you're talking

13  about a felony in another jurisdiction which matches

14  up with 4214. That's what the Court is concerned

15  about.

16          MR. DIGNON: But you reiterate, Your Honor,

17  that the Court --

18          THE COURT: Well, you can have the Supreme

19  Court visit the issue then. I don't think -- I

20  think you're wrong. I think that it is clear that

21  the Supreme Court is not asking this Court to go

22  back and obtain transcripts of which will prove this

23  Court's docket. This Court can take notice and rely

```
 1   on its own docket.  And the concern was in another
 2   state, West Virginia or Michigan, the crime may be
 3   different, and the records may not be something that
 4   you can walk down to the Prothonotary's Office and
 5   eyeball.  You can walk down to the Prothonotary's
 6   Office and eyeball these.  You can't do that in
 7   Michigan or West Virginia.
 8             All right.  I'm prepared to proceed with
 9   sentencing.  I asked about this earlier.  Was there
10   any consideration -- and I can't require it -- any
11   consideration of the State as to 4214(a) as opposed
12   to the 4214(b) in light of what the defendant
13   could have done?
14             MS. STEINER:  Your Honor, it's the State's
15   position -- let me begin by saying that Mr. Hall
16   qualifies technically under either 4214(a) or
17   4214(b).  It's the State's position that Mr. Hall
18   qualifies under 4214(b) and should be proceeded
19   against under 4214(b).  The State does not believe
20   that Mr. Hall should be rewarded for not doing more
21   than he did.
22             THE COURT:  I understand.
23             MS. STEINER:  Should be --
```

```
1         THE COURT:  Well, think about that.  Think
2    about that.
3         MS. STEINER:  Your Honor, I respectfully
4    understand the Court's position, but the State does
5    not believe that having gone through the trial and
6    having gone through this, and Mrs. McDermott having
7    gone through what she went through, that Mr. Hall
8    should be given some sort of break, so to speak,
9    qualifying under 4214(a) and 4214(b) because he
10   didn't kill her.  The State does not believe that
11   that's the way that this should happen.
12        THE COURT:  I understand.  The statute is
13   mandatory, Counsel.  He's convicted, and that's it.
14   While I would have chosen some leniency in light of
15   his age, in light of the fact that I think that he
16   did -- he knew he was caught and he still didn't do
17   anything, I would choose something, but I don't have
18   that availability because he has the previous
19   convictions.
20        Your client needs to be standing next to
21   you, sir.
22        MR. DIGNON:  He's on his way, Your Honor.
23        THE COURT:  Today is the 27th?
```

KATHY S. PURNELL
OFFICIAL COURT REPORTER

```
 1                THE CLERK:  Yes, Your Honor.
 2                THE COURT:  I find that the State's motion
 3     establishes, based upon the dockets of this Court
 4     and the certified records of this Court that are
 5     attached thereto, that this is the third conviction
 6     of burglary in the second degree.  Burglary in the
 7     second degree is listed as one of the predicate
 8     crimes of the 4214(b) and states that a person who
 9     has been twice convicted of a felony of equivalent
10     crimes anywhere in the country, but these are all in
11     Delaware, who shall thereafter be convicted of a
12     subsequent felony, the Court shall impose a life
13     sentence.  It does not say anything less than that.
14     The discretionary is 4214(a).
15                Anything else, Counsel?
16                MR. DIGNON:  Nothing, Your Honor.
17                THE COURT:  Anything you'd like to say,
18     sir?
19                THE DEFENDANT:  No, sir.
20                THE COURT:  Now, Mr. Hall, you've heard me.
21     I wouldn't have given a life sentence, but based
22     upon the state of your record, I must.
23                As to 00-01-0162, costs are suspended.
```

KATHY S. PURNELL
OFFICIAL COURT REPORTER

```
 1    Enter a civil judgment in behalf of Alicia McDermott
 2    in the amount of $129.  When did you go in?  When
 3    did you first go into jail?
 4             THE DEFENDANT:  January 4th.
 5             THE COURT:  January 4th of this year.
 6    Effective January 4 of 2000, you're committed to the
 7    Department of Corrections for the remainder of your
 8    life.  As to 00-01-0161, three years.  As to
 9    00-01-0163, three years.
10             THE CLERK:  0163?
11             THE COURT:  00-01-0163, the burglar's
12    tools, three years.
13             THE CLERK:  Yes, Your Honor.
14             THE COURT:  That's all.
15             MR. DIGNON:  Thank you, Your Honor.
16             (Whereupon, the proceedings in the
17    above-entitled matter were concluded.)
18
19
20
21
22
23
```

KATHY S. PURNELL
OFFICIAL COURT REPORTER

```
 1                    C E R T I F I C A T E
 2       I, KATHY S. PURNELL, an Official Court Reporter
 3  of the Superior Court of the State of Delaware, do
 4  hereby certify the above and foregoing Pages 2 to 12
 5  to be a true and accurate transcript of the
 6  proceedings therein indicated on October 27, 2000
 7  as was stenographically reported by me and reduced to
 8  typewriting under my direct supervision, as the same
 9  remains of record in the Sussex County Courthouse at
10  Georgetown, Delaware.
11
12                          _____
13                                Kathy S. Purnell
14                               _____3-5-01_____
                                        Date
15
```

KATHY S. PURNELL
OFFICIAL COURT REPORTER