IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GRAYLIN HALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 07-03-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents.[1] | ) | |

---

Graylin Hall. *Pro se* petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

---

**MEMORANDUM OPINION**

Sept 23, 2008
Wilmington, Delaware

---

[1] Warden Perry Phelps assumed office in January, 2008, replacing former warden Thomas Carroll. Additionally, Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case. *See* Fed. R. Civ. P. 25(d)(1).



Sleet, Chief Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Graylin Hall ("Hall"). (D.I. 1.) For the reasons discussed, the court will deny the petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 13, 2000, a Delaware grand jury indicted Hall for first degree robbery, first degree assault, second degree burglary, possession of burglar's tools, possession of drug paraphernalia, and possession of marijuana. The Superior Court granted Hall's motion to sever the possession of drug paraphernalia and possession of marijuana charges. Hall's jury trial in the Superior Court commenced on July 25, 2000. The jury acquitted Hall of first degree robbery, but convicted him on the remaining charges. On October 27, 2000, the Superior Court sentenced Hall as an habitual offender to life imprisonment at Level V for the burglary conviction, three years of imprisonment for second degree assault, and three years of imprisonment for possession of burglar's tools. On December 26, 2001, the Delaware Supreme court affirmed Hall's convictions and sentences. *See Hall v. State*, 788 A.2d 118 (Del. 2001).

Hall filed a motion for state post-conviction relief pursuant to Delaware Superior Court Rule 61 ("Rule 61 motion") on November 19, 2004. The Superior Court denied the motion, and the Delaware Supreme Court's mandate affirming the Superior Court's judgment was entered on January 3, 2006. *Hall v. State*, 888 A.2d 231 (Table), 2005 WL 3440305 (Del. Dec. 13, 2005).

Thereafter, Hall filed a motion for correction of sentence on January 25, 2006, which the Superior Court denied on February 3, 2006. Hall also filed a motion to alter or amend judgment

1

on February 15, 2006, which the Superior Court denied on February 23, 2006. The Delaware Supreme Court affirmed both decisions on October 27, 2006. *Hall v. State*, 911 A.2d 803 (Table), 2006 WL 3053269 (Del. Oct. 27, 2007).

Hall's federal habeas petition, dated December 26, 2006, asserts two claims: (1) the trial judge incorrectly instructed the jury on the element of physical injury for second degree burglary; and (2) the State failed to present sufficient evidence to allow the Superior Court to declare him an habitual offender. (D.I. 1.) The State filed an answer, arguing that the petition should be dismissed as time-barred. (D.I. 11.) Hall then filed a traverse, asserting that his actual innocence should act to equitably toll the limitations period, and requesting an evidentiary hearing. (D.I. 18.) For the reasons explained below, the court will deny Hall's his habeas petition as time-barred and his motion for an evidentiary as moot.

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Hall's petition, dated December 26, 2006, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Hall does not allege, nor can the court discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Hall's conviction became final under § 2244(d)(1)(A).

In this case, the Delaware Supreme Court affirmed Hall's conviction and sentence on December 26, 2001, and he did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, Hall's conviction became final for the purposes of § 2244(d)(1) on March 26, 2002. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999). Accordingly, to comply with the one-year limitations period, Hall had to file his § 2254 petition by March 26, 2003. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Hall did not file his habeas petition until December 26, 2006,[2] approximately three and

---

[2] A prisoner's *pro se* habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). The court adopts the date on the petition, December 26, 2001, as the filing date, because presumably, Hall could not have presented the petition to prison officials for mailing any earlier than that date. *See Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

one-half years after AEDPA's statute of limitations expired. Thus, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2) of the AEDPA, a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). In this case, however, none of Hall's attempts to obtain post-conviction review in the Delaware state courts trigger the tolling provision of § 2244(d)(1) because the post-conviction motions were filed after AEDPA's limitations period had already expired.

### C. Equitable Tolling

AEDPA's limitations period may also be tolled for equitable reasons "only when the principle of equity would make the rigid application of a limitation period unfair." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2000). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller v. N.J. Dept. Corrs.*, 145 F.3d 616, 618-19 (3d Cir. 1998); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

    (1) where the defendant (or the court) actively misled the plaintiff;
    (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum. *Jones*, 195 F.3d at 159; *see also Brinson v. Vaughn*, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim). Additionally, in two recent non-precedential opinions, the Third Circuit Court of Appeals has held that a petitioner's viable claim of actual innocence may warrant equitable tolling, provided that the petitioner also exercised reasonable diligence in pursuing the actual innocence claim. *See Black v. Dist. Atty. of Philadelphia*, 246 Fed. Appx. 795 (3d Cir. Sept. 7, 2007); *Horning v. Lavan*, 197 Fed. Appx. 90, 93 (3d Cir. Oct. 2, 2006). A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

In his traverse, Hall contends that the limitations should be equitably tolled because he is actually innocent. However, Hall's cursory, unsupported, and self-serving protestations of innocence fall far short of establishing a viable actual innocence claim because Hall does not present any new reliable evidence of his innocence that was not presented during his trial. *See* (D.I. 2, at p. 11; D.I. 11, at p.5.) Additionally, Hall cannot satisfy the diligence requirement for equitable tolling because he fails to fails to explain why he waited four years before filing the instant petition. To the extent his untimely filing was due to a mistake or computational error, such a mistake fails to warrant equitable tolling. *See LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable

tolling")(internal citation omitted); *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Accordingly, the court will dismiss the petition as time-barred.

### D. EVIDENTIARY HEARING

Hall also moves the court to conduct an evidentiary hearing regarding the claims raised in his petition. (D.I. 18.) The court has concluded that Hall's petition is time-barred. Therefore, the court will deny the motion as moot.

### III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Hall's petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

6

## IV. CONCLUSION

For the reasons discussed, the court will deny Hall's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1.)

An appropriate order will be entered.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GRAYLIN HALL,                              )<br>                                                       )<br>            Petitioner,                     )<br>v.                                                   )    Civil Action No. 07-03-GMS<br>                                                       )<br>PERRY PHELPS, Warden, and      )<br>JOSEPH R. BIDEN, III,                )<br>Attorney General of the State     )<br>of Delaware,                                )<br>                                                       )<br>            Respondents.               )   | |

### ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Graylin Hall's petition for the writ of habeas corpus, filed pursuant to 28 U.S.C § 2254, is DISMISSED, and the relief requested therein is DENIED. (D.I. 1.)

2. Graylin Hall's motion for evidentiary hearing is DENIED. (D.I. 18.)

3. The court declines to issue a certificate of appealability because Hall has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated: Sept 23, 2008

CHIEF, UNITED STATES DISTRICT JUDGE

FILED

SEP 25 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE